Opinion of the Court.
Southard J.
In this case, which was argued this morning, there is no difference of opinion upon the bench. The facts agreed shew, that the defendant, Btewart, a resident of New- York, attended the Court of Common Pleas in the county of Essex, in the necessary prosecution of a suit, in which he was a party in that county; that immediately after the decision of his cause, he left the court room, and, while descending the steps from the house, the sheriff read the summons to him; that the defendant then went directly to the office of his counsel to consult with him, whither, in a few moments, the sheriff followed, and there delivered to him a copy of the summons. This court, out of which the writ issued, is now moved to discharge the defendant altogether, on the ground that he was privileged from such service. The plaintiff, on the *421 contrary, contends, that there having been no arrest, and the summons not having been served in the presence of court, he cannot be entitled to the privilege he claims.
There is nothing unusual in this case, either in the time, place, or manner of serving the process, to distinguish it from other cases: and if the defendant be discharged, it must be upon the ground, that a party to a suit, while necessarily going to, staying at, or returning from the court, is equally privileged from the service of a summons as of a capias. The court believe that such is his privilege. There is manifestly, in the books, in cases relating to privilege from the service of process, some confusion and contradiction, both as to the judgments, and the reasons assigned for those judgments. We are not, however, aware of any contradiction in the decisions of this court. The course of adjudication, for many years, has been uniform and uninterrupted, and coincides with what is said in 1 Bin. 77, to have been repeatedly ruled in the state of Pennsylvania. Courts of justice ought, every where to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defence which he is obliged to make, should be permitted to approach them, not only without subjecting him*self to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this groat object in the administration of justice, would, in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the citizen, to prevent the institution and prosecution of a suit in any court, at a distance from his home and his means of defence; and the fear that a suit may be commenced there by summons, will as effectually prevent his approach as if a capias might be served upon him. This is especially the case with citizens of neighbouring states, to whom the power which the court possesses of compelling attendance, cannot reach. Take the case of the present defendant. He doubtless knew of the plain *422 tiff’s claim, and was unwilling to have it tried out of his state. Had his attendance, as a witness, been absolutely necessary, would he have come, unless this privilege were thrown around him? Surely not. Either then injustice must have been done, or the progress of the court interrupted. Such consequences should be guarded against. Whether a man wishes to attend the court as a party or witness, he should be able to do it under its protection.
In Cole v. Hawkins, 2 Str. 1094, it is said, that the privilege now under consideration, “ was designed to prevent any interruption of the business of the court, and the mere service of a copy of a bill of Middlesex, in the presence of the court was declared a contempt. And in Hurst v. Hurst, Dal. 387, where the defendant had been called to the court as a witness, and was taken in execution while at his lodgings, Justice Washington declared, that he was entitled to the privilege; “ that an arrest there, has all the effects which could be produced by an arrest in the streets, while coming to, or going from the court.” Neither of these cases justify the idea, that the interruption of the court, must arise from noise, disturbance, or confusion created by the service, in its presence, by the insult thus offered to it; the one not being in its presence ; the other being a mere handing of a paper from the officer to the defendant. The business of the court may be interrupted by the service elsewhere, as well as in the room where it is sitting.
This privilege of parties and witnesses, is alike the privilege *of the court and the citizen. It protects the court from interruption and delay. It takes away a strong inducement to disobey its process: and enables the citizen to prosecute his rights without molestation, and procure the attendance of such as are necessary for their clefence and support. The defendant is entitled to his discharge.
Rule granted.