Oakley, C. J.
The question presented by this motion is one of great practical importance. It cannot be expected that citizens of other States will voluntarily appear as witnesses in this State, if they incur the hazard of being sued in our courts, while in good faith attending .solely for the purpose of being witnesses. The instances are rare in which it would not be more convenient and less expensive for them, that the litigation of matters which cannot be amicably adjusted, should be had in the courts of the State in which they reside.
Any one familiar with the character and numbers of the suits tried in this city, in which persons residing contiguously but in other States, are necessary witnesses, and who reflects upon the great advantage it often is to a party to examine his witnesses in court, rather than upon commission, cannot fail to see that great inconveniences might result from such a rule as the one for which the plaintiff contends. The facilities for travel are so much increased, and the expenses of it so much diminished, that in many cases the attendance of a witness residing out of the State will not create more expense to a party, or more inconvenience to the witness, than his examination upon a commission.
Principles of public policy require that no unnecessary obstacles should be interposed, to prevent the attendance and *624 examination of witnesses in the presence of the court and jury.
I do not understand that it was ever doubted in this State, that a person, while bond fide attending as a witness, though a resident of another State, was exempt from arrest. The question has in some cases been presented, whether he was entitled to be unconditionally discharged, or whether he could only be discharged on filing common bail, or entering an appearance in the action in which he was arrested.
In Norris v. Brach, 2 J. R. 294, a witness attending from another State, was discharged absolutely from the suit. In Sandford v. Chase, 4 Cowen, 381, the same rule was made. The court said, “ the privilege of a witness should be absolute. An arrest should not be valid even for the purpose of giving jurisdiction to the court out of which the process issues ; more especially where the witness is attending from a foreign State.” I have considered this question of sufficient importance to be called to the attention of my brethren, and we all agree in the opinion, that the service of the summons should be set aside, and the suit absolutely discharged. An order to that effect will be entered.