Merrill agt. George.

———•◆———

## SUPREME COURT.

Silas L. Merrill, appellant agt. William O. George, respondent.

A *non-resident party* to an action here, who attends the court as a *witness*, is privileged, while here and returning home, not only from *arrest*, but from any action brought against him. (*This agrees with Seaver agt. Robinson*, 3 *Duer*, 622. *That case was one where a witness merely, and not also a* PARTY, *attended.*)

*Erie General Term, February,* 1862.

DAVIS, *P. J.;* GROVER and HOYT, *J. J.*

APPEAL from an order of the special term setting aside the summons and proceedings in this action.

The defendant is a resident of the state of Illinois, and came to Buffalo as a witness in an action pending against himself in the superior court of that city. The trial of that action was concluded at about 2½ o'clock P. M., and at 3 P. M. of the same day, the plaintiff commenced this action by the service of a summons. The defendant moved, at special term, to set aside such service, and for his discharge from the action, on the ground that both as a non-resident suitor and witness he was privileged from the commencement of an action against him in the courts of this state, as well as from arrest.

The motion was granted, and the plaintiff appealed.

JOHN C. STRONG, *for appellant.*
GEORGE WADSWORTH, *for respondent.*

I. The summons is defective and invalid. No copy of the complaint was served with it; in such case " the summons must state where the complaint is or will be filed." (*Code of Procedure,* § 130.) This summons states that " a copy of the complaint will be filed," &c. ; this is not a compliance with the statute, which refers to the complaint, and not to a copy thereof.

II. When the summons was served the defendant was a foreign witness, and as such privileged not only from arrest but from the commencement of a suit. A resident witness is privileged only from arrest, and not from the service of process when bail is not required ; but a foreign witness is privileged from both. This distinction between a resident and foreign witness has always been recognized and acted on in this state. (*Morris* agt. *Beach,* 2 *John.,* 294 ; *Sanford* agt. *Chase,* 3 *Cow.,* 381 ; *Hopkins* ads. *Colburn,* 1 *Wend.,*

292 ; *Williams* agt. *Bacon*, 10 *Wend.*, 636 ; *Bours* agt. *Tuckerman*, 7 *John.*, 538.) The provisions of the Revised Statutes (*vol.* 3, *5th ed.*, *p.* 685, §§ 65, 66, 67, 68, 69,) refer only to resident witnesses, and there is nothing in the Code affecting this case. (*Seaver* agt. *Robinson*, 3 *Duer*, 622.)

III. That the person claiming the privilege as a witness, was also party defendant, cannot divest him of his privilege. He did not attend as a party, but as a witness, and for no other purpose, and is entitled to all the rights and privileges of a foreign witness. It is now well settled that a party who attends the trial of his own cause, solely as a witness, is entitled to witness's fees. (20 *How. Pr. R.*, 355 ; 17 *id.*, 29 ; 8 *Abb. Pr. R.*, 127 ; 3 *id.*, 31 ; 7 *id.*, 452 ; 10 *Eng. Law & E. Rep.*, 465.) These cases proceed upon the ground that a party who attends solely as a witness, is entitled to all the rights and privileges of a witness, and if he is entitled to fees, he must also be privileged from suit.

In *Querissle* agt. *Hilliard*, (3 *Abb.*, 52,) the court says : " In short, by being a party, he is not divested of any of the rights, privileges, or relieved from any of the duties of a witness."

IV. But even as a party attending from a foreign state on the trial of his own action, the defendant is entitled to the privilege claimed here. In the cases hereinbefore cited, the party and witness are treated as entitled to the same privileges. Suitors and witnesses are protected by the court to the same extent, *eundo, morando et redeundo;* there is no difference in their privilege ; both are within the policy of the law, and the privilege is accorded to each for the same reasons. Therefore, as a foreign witness cannot be sued in our courts while his privilege exists, a foreign suitor cannot be sued while his privilege exists. One has no greater or higher privilege than the other. (*Williams* agt. *Bacon*, 10 *Wend.*, 636 ; *Burrill's Pr.*, *vol.* 1, *pp.* 92, 392, *and cases cited; Graham's Pr.*, *pp.* 129–132, *and cases cited.*

The common law rule is thus laid down in 3 *Blackstone's*

*Com.*, (*side page*,) 289 : " Suitors, witnesses, and other persons necessarily attending any courts of record, upon business, are not to be arrested during their actual attendance, which includes their necessary coming and returning."

*Seaver* agt. *Robinson*, (3 *Duer*, 622, *before cited*,) is decided in accordance with this rule, and is conclusive upon this point.

Therefore, the order of the special term should be affirmed with costs.

By the court, DAVIS, P. Justice. It is not denied that the defendant in this case was privileged from arrest, but it is insisted by the appellant's counsel that his privilege does not extend so far as to exempt him from the commencement of an action by non-bailable process.

It is established by the cases in this state, that where the party who is arrested, while entitled to the privilege, is a resident of this state, he will be discharged from arrest on filing common bail or indorsing his appearance on the writ; but where he is a non-resident of the state, he will be discharged absolutely. The reason for this distinction is, that in the former case the party being a resident, could be immediately prosecuted, and, if the right to do so existed, arrested again; and it was not at all to his prejudice, but rather to his benefit, to require him to indorse his appearance as upon a non-bailable process; while in the latter case the party being non-resident, the court refused to acquire jurisdiction of his person by an illegal arrest. The effect of such a discharge in case of a non-resident was necessarily to dismiss the action, but it does not follow from this fact that the court held that no action should be commenced *without arrest* against a non-resident suitor or witness.

In *Norris* agt. *Beach*, (2 *John.*, 294,) the defendant resided in Connecticut; he came to this state at the request of a party interested to prove a will to which he was a subscribing witness, and while returning home was arrested

by process from the mayor's court; the court discharged him from the arrest, but without adverting to the fact that he was a non-resident.

In *Sandford* agt. *Chase*, (3 *Cow.*, 381,) the defendant resided in Massachusetts, but being in this state was subpœnaed to attend as a witness before arbitrators, and was arrested while so attending. " The only question," says the court, " is, whether the defendant is to be discharged on filing common bail, or absolutely. In *Norris* agt. *Beach*, (2 *John.*, 294,) this court discharged the defendant from arrest entirely and absolutely ; in a subsequent case, (*Brown* agt. *Tuckerman*, 7 *John.*, 538,) he was discharged on filing common bail. We adopt the first case ; the privilege of a witness should be absolute ; an arrest should not be valid even for the purpose of giving jurisdiction to the court out of which the process issued, more especially where the witness is attending from a foreign state."

This case, it is to be observed, in effect holds that resident and non-resident witnesses are entitled to be discharged from arrest absolutely, and only intimates that the rule is more especially to be enforced in the case of a non-resident.

In the subsequent case of *Hopkins* agt. *Colburn*, (1 *Wend.*, 292,) the defendant was attending a justice's court, out of his own county, as a suitor, and was served with a *capias* containing an *ac etiam* clause ; bail was not demanded, but he was required to indorse his appearance or be committed. The court denied his motion to set aside the arrest and vacate his appearance, on the ground that all the relief he would have been entitled to had he been arrested, would have been to be discharged on filing common bail. " This," says the court, " is the uniform practice of this court, and the only exception is in favor of foreign witnesses attending our courts, in which cases the defendants are discharged absolutely."

From these cases it is manifest that the court designed

Merrill agt. George.

to place foreign witnesses, where arrests had been made in violation of their privilege, on a better footing than resident witnesses, but they do not go far enough to settle that actions without arrests could not be commenced against them while under protection of their privilege.

But the case of *Seaver* agt. *Robinson*, (3 *Duer*, 622,) which was decided by Chief Justice OAKLEY, after consultation with all his brethren, is precisely in point for the defendant. The defendant in that case was a resident of Rhode Island, and came from that state to the city of New York, to testify in an action pending in one of the courts of that city. While waiting for the cause to be called, he was served with a summons out of the superior court, and a motion was made in that court to set aside the service of the summons on the ground of privilege. The court granted the motion. Although I consider the case as an enlargement of the rule established by former cases, yet I am disposed to adopt the reasoning of the learned chief justice as sound, and to follow its conclusions. The reason for the original rule was not exclusively that nothing should be done to interfere with the ability of the witness to obey the process of the court ; if that were so, the reason would wholly fail as soon as the witness had testified and been discharged, but the privilege always shielded the witness while coming to and attending the court, and *while returning home*, and hence the rule stands upon a broader reason, and was not wholly founded in the necessity of the court.

It has always been the policy of the common law that witnesses should be produced for oral examination and cross-examination in open court, and that parties should have the fullest opportunity to be present and heard in their suits. It is the duty of courts to foster this policy, and out of this duty sprang the privilege with which all courts have shielded their suitors and witnesses, *eundo, morando et redeundo*, from all civil arrests. The reason of the rule reaches every obstacle that stands as a barrier in

the way of the free attendance of witnesses in a court of justice. Non-resident witnesses cannot be reached by the process of the courts, and their attendance must therefore be voluntary; but if, while so attending, the courts allow them to be subject to actions to be commenced in the courts of this state, and thus subjected to the necessity of remaining or returning to litigate suits in a foreign forum, a most serious obstacle is interposed to their voluntary attendance. It would be intolerable that the creditor of a foreign witness residing in the same state with him, should be permitted to follow him when he comes as a witness in our courts, to harass him with suits at a distance from his means of defence. If this were merely an argument, *ab inconvenienti*, showing that the law should be changed, it would address itself to the legislature merely, and would not justify us in enlarging the existing rule. But I think that the rule as laid down by the case last cited, is consistent with the reason for the original rule, and may justly stand upon it; and I am therefore in favor of affirming the order of the special term.

Order affirmed, with ten dollars costs.

HOYT, J., concurred; GROVER, J., dissented.