Brady, J.
The defendant was served with the summons while attending as a witness, and was privileged from the commencement of an action against him until the expiration of a reasonable opportunity to return to his residence (Seaver v. Robinson, 3 Duer, 622; Merrill v. George, 23 How. Pr., 331).
Foreign witnesses cannot be compelled to attend, and their coming here must be voluntary. It is for that reason no answer to the claim of privilege that the witness was not served with compulsory process after his arrival within the jurisdiction (Cases supra).
The only question, therefore, which admits of any doubt is whether the defendant has appeared generally in the cause, and thereby waived his exemption. I think he has not. The cases to which the plaintiff’s counsel refers are those in which an appearance was entered, or some act done in the cause amounting to an appearance, without reference to the particular right or remedy, which could only be saved by a quasi appearance in order to secure it. In this case the affidavit of the defendant relates to his attendance as a witness. *297 and the service of the summons upon him while attending in such character, and the order to show cause predicated of that paper, relates also to such attendance and. service, asking that the summons be set aside. It is true that in the concluding part of the order, the proceedings are stayed and the defendant’s time to answer extended twenty days, but these elements are subsidiary and auxiliary to the relief first asked, which is that the summons be set aside. The indorsement on the papers, “attorneys for defendant,” must be taken in connection with proceeding initiated, of which it is a part, and which, as we have seen, was to destroy the validity of the summons. The extension of the time to answer was a precautionary step, and founded upon the possible denial of the motion on the ground urged, and after the time to answer had expired. I think for these reasons that the object of the appearance in this action was sufficiently indicated, and cannot be justly enlarged into a waiver of the privilege ; more especially as the claim relating thereto was assented to at the same moment the quasi appearance was made.
Ordered accordingly.