## DUNGAN ads. MILLER.

A party to a suit in chancery, who resides in another state and comes into this state to give testimony in his own behalf before a master in chancery, is, while necessarily attending before the master and going to and returning from the place where such examination is held, privileged from the service of a summons in a civil cause, without any subpœna *ad testificandum* being served.

On motion to set aside service of a summons.

For the motion, *F. Kingman.*

*Contra, F. F. Westcott.*

The opinion of the court was delivered by

DEPUE, J.  Dungan was one of several defendants in a suit in chancery.  He resides in the state of Pennsylvania, and on the 28th of February last, came to Camden, in this state, for the purpose of being examined before a master as a witness in the case on the part of the defendants.  After his examination was concluded, while on his way to the ferry to return home, the summons in this action was served.

A party to a suit while necessarily going to, staying at or returning from court, is privileged from the service of a summons or capias in a civil cause.  *Halsey* v. *Stewart*, 1 *South.* 366.  The place at which the party attends is not material.  The privilege extends to attendance before any tribunal or officer before whom proceedings necessary in the trial or hearing of the cause are had, as before an arbitrator appointed by rule of court, a master in chancery or on the execution of a writ of inquiry.  2 *Taylor on Ev.*, § 1202.

It was insisted that the examination of witnesses on the part of the defendants having been closed, except as to the examination of this defendant, and no other proceedings being had before the master on that day, the privilege of the defendant was not that of a party, but merely as a witness,

and that therefore process of subpœna was necessary for his protection.

In *Rogers* v. *Bullock*, 2 *Penn.* 516, it was held on the language of the statute, that subpœna served was necessary to secure the privilege of a witness from arrest during his attendance in court. Elsewhere, it has been decided, and I think on better reason, that on a voluntary attendance in good faith, by a witness without subpœna, the witness is privileged. *Walpole* v. *Alexander*, 3 *Doug.* 45 : 1 *Greenleaf on Ev.*, § 36. Especially so where the witness resides in another state and is under no legal compulsion to obey the process of courts in this state.

But it would be an idle ceremony for a party to sue out process of subpœna for himself to give testimony in his own behalf. His attendance for that purpose is an attendance as a party in a proceeding connected with the trial of the cause, and as such, he is exempt from service of summons.

Let the service of summons be set aside, with costs.