WILLIAM MASSEY v. CHARLES R. COLVILLE.

1. Service of a summons upon a person non-resident in this state while going to, attending or returning from a trial here, as a witness or party, will be set aside.

2. Service upon a resident witness or party is not a nullity. But the court will control the service, and either set it aside or change the venue arising from such service, or otherwise remedy any special disadvantage which such service entails upon the defendant.

This is a motion to set aside the service of the summons in this case. Mr. Colville, the defendant, is a resident of Atlantic county, in this state. He was in the city of Camden, in attendance, on October 6th, before a master in chancery, not under subpœna, but voluntarily, as a witness in a matter in which Samuel Richards was petitioner and the Philadelphia and Atlantic City Railroad Company and he, Charles R. Colville, the receiver of said company, were respondents. The attorney for Mr. Massey, the plaintiff, had inquired of the counsel for the petitioner if Mr. Colville would be in Camden, and was informed that he would be there and of his purpose there.

The sheriff served the summons upon Mr. Colville in the office of the said counsel of the petitioner, the only persons present at the time of the service being Mr. Colville and Mr. Richards, the above-mentioned petitioner, with whom he had come to Camden. The sheriff had no knowledge that he was there as a witness.

For the relator, *P. L. Voorhees.*

For the respondent, *J. L. Hays.*

Argued at November Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

The opinion of the court was delivered by

REED, J.    The privilege conferred upon witnesses by " An act concerning evidence," is that every witness shall be privileged from arrest in all civil actions, and no other, during his necessary attendance at any court or other place where his attendance shall have been required by subpœna previously and duly served, and in going to and returning from the same, allowing one day for every thirty miles from his place of residence.    This part of the statute, excepting the allowance of time by distance, was passed, originally, June 7th, 1779.    It grants immunity to the witness only from arrest, and then only when in attendance upon a court under due service of a subpœna.

In regard to the privilege of a witness attending voluntarily, the rule, both in this state and elsewhere, is more liberal than the statute.    In England the weight of authority is that a person who so attends for the purpose of giving testimony, although not under service of process, is privileged from arrest.    *Taylor on Evid.,* § 1330.    And that is the rule in this state.    *Harris* v. *Grantham, Coxe* 142 ; *Dungan* ads. *Miller,* 8 *Vroom* 182, overruling *Rogers* v. *Bullock,* 2 *Penn.* 516, in which case it was held that upon the language of the statute, due service of a subpœna was necessary to entitle the witness to the privilege from arrest.    The words of the statute have not only been departed from in this respect, but also in the other respect, namely, that the privilege is only from arrest. The same freedom has been claimed from liability to be served with summons, and the claim has in some instances in this state been allowed.

This claim has no countenance in the English practice.    The service of a summons upon a witness there may be made at any time, and the court will not set it aside.    *Poole* v. *Gould,* 1 *H. & N.* 99.    This is so, although the service of the writ in open court may be so manifestly indecorous as to amount to a contempt.    *Cole* v. *Hawkins,* 2 *Strange* 1094 ; *Poole* v. *Gould, supra.*

In this state in two instances the privilege of witnesses has

been held to extend to immunity from service of a summons. *Halsey* v. *Stewart*, 1 *South.* 367 ; *Dungan* ads. *Miller*, 8 *Vroom* 182. In each of these cases the parties were non-residents of this state. In the first it may be remarked that the person served was only a party to the suit and not a witness, while in the second he was both party and witness. These cases, as well as that of *Harris* v. *Grantham*, *supra*, establish the rule that a party can claim a privilege co-extensive with that of a witness.

The witness in the present case is a resident of New Jersey, and the point is taken that the *status* of such a witness differs from that of a foreign witness or party. I think there is solid ground upon which to place a distinction between these classes.

The foundation of the rule is the impolicy of permitting an act which will deter suitors or witnesses from attending courts. The argument of Southard, J., in Halsey *v.* Stewart, was the difficulty with which foreign witnesses, not amenable to process, could be induced to come into the state to testify if they were liable to be served with a summons in a court in a foreign jurisdiction at a distance from his witnesses and his means of defence. The courts of the State of New York early distinguished the cases in which the party or witness was or was not a resident of the state. If a non-resident was arrested he was discharged absolutely, but a resident was discharged on filing common bail. *Hopkins* v. *Coburn*, 1 *Wend.* 292.

In *Seaver* v. *Robinson*, 3 *Duer* 622, it was held that a non-resident party could not be served with process in New York city, and in *Merrill* v. *George*, 23 *How. Pr.* 331, a non-resident party and witness was held exempt from service of summons. In each case the argument of the court in favor of the rule was that oral examinations, instead of depositions, were to be fostered, and that any course of procedure which kept away witnesses whose presence could not be compelled, was impolitic.

There is no intimation in the numerous cases in that state that the same immunity from the service of process exists in

the case of resident parties and witnesses, beyond a *query*, in the opinion of the Court of Appeals in the case of *Person* v. *Grier*, 66 *N. Y.* 126. The absence of cases in which this privilege has been claimed for resident witnesses, and the reasoning of the courts in recognizing it in the case of non-resident witnesses, seem to establish a marked distinction between the two cases. The question then is, as the subject is uncontrolled by any adjudication here, whether the privilege should be recognized as absolute in a non-resident witness or party, or as non-existing in any form.

A resident can be compelled by process to come into court, yet by the service of a writ in a distant county, and by so transferring from his home a litigation, it may be as onerous as if he were a resident of another state. And the knowledge of the hazard he runs by obeying the subpœna may compel him to evade its service or tempt him to disobey its command.

I do not think this is a reason for holding every such service a nullity, but it is a reason why the courts should retain control over it. There may be instances where the service was so flagrantly improper as to require a vacation of the service. But in most instances the only cause of complaint which the person served could urge would be that he was served in one county and not in another. The remedy for this complaint is not a vacation of the service, but a change of venue, if an unfair advantage has been obtained by such service in fixing the place of trial.

The circumstances of each case should control the court in dealing with such a service. The manner of service, the residence of defendant's witnesses, the place where the cause of action arose, are all factors in determining whether the service should stand.

In the present case the defendant is a resident of Atlantic county. Service was made and venue laid in Camden county. If the defendant desires the venue changed to Atlantic county it will be so ordered, unless the plaintiff objects to such change, in which event the service of the summons will be set aside.