## MICHAEL MULHEARN v. THE PRESS PUBLISHING COMPANY.

The vice president of a foreign corporation, who comes into this state to give testimony before a commissioner of our Supreme Court, which testimony is to be used on a motion to set aside the service of a summons issued in an action against such corporation, made in this state upon a person supposed to be an agent of such corporation, is privileged from the service of a summons in another action against said corporation while he is so in attendance as a witness, and a service made upon said vice president under these circumstances will be set aside.

The parties to this action are the same as in the preceding one.

After the rule to show cause why the service of the summons in the former action should not be set aside was granted, testimony was taken by the defendants to be used upon the argument of that rule. The testimony was taken before a Supreme Court commissioner in Jersey City. One of the witnesses who there appeared before the commissioner and gave his testimony was William L. Davis, who resided in the city of New York, and who was vice president of the defending corporation.

While thus in attendance in this state as a witness he was served by the sheriff of Hudson county with the summons in this case.    This motion is to set aside this service.

Argued at June Term, 1890, before Justices REED and GARRISON.

For the motion, *Chauncy H. Beasley*

*Contra*, *Joseph A. Beecher.*

The opinion of the court was delivered by

REED, J.    The rule in this state is, that a person who attends a trial voluntarily or under process, as a witness, or as a party, is privileged from arrest on civil process and from the service of a summons.    *Halsey* v. *Stewart*, 1 *South.* 3.67 ; *Dungan* v. *Miller*, 8 *Vroom* 182 ; *Massey* v. *Colville*, 16 *Id.* 119.

The only grounds suggested for withdrawing the present service from the dominion of this rule are—*first*, that the testimony was not taken in a trial, but upon a side motion in the cause ; and, *second*, that the service was not upon the witness in his individual character, but as the representative of a corporation.

The reason which underlies the privilege of witnesses is, that no one may be deterred from attending the place of trial and delivering his testimony by reason of a liability to be sued in a foreign or distant jurisdiction.

The reason for immunity from service is, that parties may not lose the testimony of witnesses who might be deterred from attending the place of trial on account of the hazard of such a service and its consequences.

The immunity extends to every person who in good faith attends as a witness any place where testimony is to be taken according to the practice of the courts to be used in establishing the rights of a party in any judicial proceeding.

In *Dungan* v. *Miller*, *supra*, the party appeared to give testimony before a master in chancery.    In *Spence* v. *Stuart*, 3 *East* 87, the witness was voluntarily attending an arbitration.

So, it applies to a party attending at judge's chambers, or before a master or an examiner of the High Court, or at the registrar's office on passing the minutes of a decree, or before the under-sheriff on the execution of a writ of inquiry, as also to witnesses attending the Central Criminal Court, the Court of Bankruptcy, courts martial, whether military, marine or naval, the houses of parliament or committees of either house. *Tayl. Ev.*, § 1334.

The witness upon whom service was made in the present case was in attendance, according to the rules of practice of the Supreme Court, before a Supreme Court commissioner, upon a rule taken in a cause brought in that court.

The attendance of witnesses was essential to establish the contention of the defendants, that the court had no jurisdiction over them. If we should deny to their witnesses, produced upon this rule, the privilege so generally conferred, we would fly in the face of the reason upon which the privilege is based, for the rule on which this testimony was to be used lay at the threshold of defendants' defence. It is clear that the occasion was one when the attendance of a person as a witness clothed him with immunity from the service of civil process.

Nor do I think that the fact that the witness upon whom the service was made was not himself the defendant in the action in which the process was issued, but was an officer of the corporation defendant, deprives him of the privilege of immunity of service.

Corporations, while distinct entities, act and are acted upon only through its officers or other agents. Any service of process, in its character personal, must be made upon an officer or agent. When a person happens to be an agent or officer, a service upon whom is a service upon a corporation in a foreign jurisdiction, service upon him in his representative character is quite as likely to be as inimical to the rule of privilege as if the service was made in an action brought against the officer personally.

The interest of the officer in the corporation which he represents would naturally deter him from a course of conduct

which would operate to the prejudice of his corporation. The repugnance of an officer to having his corporation drawn into litigation in a foreign jurisdiction would be quite as likely to keep him at home as if it was merely the danger of service in a personal action. The test is, as already observed, whether the liability to service is calculated to deprive parties of the testimony of witnesses living away from the place of trial.

There is no reason, therefore, for the non-applicability of the rule, that service of civil process upon a witness while going to, attending and returning from a trial will be set aside.

It may be remarked, that the fact that the actions in which the party was a witness, and in which he was served, were against the same defendants, can make no difference in the application of the rule. The defendants were entitled to the testimony of the officer in the first action.

To obtain that evidence they were not compelled to submit to service here. The rule which protects parties from service in another action when attending the trial of one suit, covers this feature of the present case.

The service is set aside.