## STRATTON v. HUGHES.

(District Court, D. New Jersey. March 6, 1914.)

PROCESS (§ 120*)—ATTENDANCE TO TESTIFY—NATURE OF PROCEEDING—SERVICE OF CIVIL PROCESS—PROTECTION.

P. L. N. J. 1906, c. 113, p. 177, and certain supplementary and amendatory acts in addition to regulating the use of road and highways by motor vehicles, constitutes the Commissioner of the Department of Motor Vehicles a magistrate to determine and hear complaints, and empowers him to enforce his findings by suspending touring privileges, revoking licenses, and by fine or imprisonment, according to the particular violation. *Held*, that a hearing before the commissioner was judicial in character and purpose, and hence a citizen of another state, having come into New Jersey to testify before the commissioner on such hearing, was not subject to service of civil process while so in attendance, nor during a reasonable period for coming and going.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. § 120.*]

At Law. Action by Howard V. Stratton against David N. Hughes. On motion to set aside service of process. Granted.

Harold B. Wells, of Bordentown, for plaintiff.
Gaskill & Gaskill, of Camden, N. J., for defendant.

RELLSTAB, District Judge. The service of the summons in this case was made on the defendant, a resident of Pennsylvania, while he was in this district attending a hearing before the Commissioner of Motor Vehicles of the Department of State of New Jersey, based on a complaint made against him by the plaintiff in this case, charging him with improper driving of an automobile upon the highways in this state. Upon receiving such complaint, the commissioner caused to be served upon the defendant, by mail, a notice to appear before him in Trenton on a certain day. The record shows that the defendant did not appear on that day, but that the plaintiff did, accompanied by counsel and the United States marshal of this district, that the cause was continued to the 5th day of November, 1913, at which time both the defendant and the plaintiff appeared, the latter again accompanied by counsel and the United States marshal, and that a full hearing upon such complaint was had. It was at this hearing that the challenged service was made.

The defendant was amenable to the state statute, entitled:

"An act defining motor vehicles and providing for the registration of the same and the licensing of the drivers thereof; fixing rules regulating the use and speed of motor vehicles; fixing the amount of license and registration fees; prescribing and regulating process and the service thereof and proceedings for the violation of the provisions of the act and penalties for said violations," approved April 12, 1906 (P. L. N. J. 1906, c. 113, p. 177)

—and the several acts supplementary thereto and amendatory thereof, which, in addition to regulating the use of the roads and highways by motor vehicles, constitutes the commissioner a magistrate to hear and determine complaints of violations of such acts, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

empowers him to enforce his finding by suspending touring privileges, revoking licenses, and by fine or imprisonment, according to the particular violation found. That the commissioner was acting within such statutory powers in citing the defendant to appear before him, and in proceeding to a hearing and final determination of the said complaint, is not disputed. The defendant's appearance before the commissioner, in response to this summons, was not his right only, but his duty, and the hearing that ensued was judicial in its character and purpose. It is in the interest of the administration of justice, whether it is being conducted before a tribunal having extended, or one having limited, judicial powers, that the person who comes from another state in response to a summons from such a tribunal, whether as a witness or party, be held immune from service of civil process while he is in attendance upon such tribunal, and for a reasonable time in coming and going. 32 Cyc. 492. In Roschynialski v. Hale (D. C.) 201 Fed. 1017, 1018, the reason for such rule is stated thus:

"It is to secure to them the right to give testimony and assistance in the trial of an action, unhindered by exposure to suits by reason of their presence upon the court. The rule is founded in public policy, and is for the benefit of the court, as well as of the parties."

And, in Mulhearn v. Press Publishing Co., 53 N. J. Law, 153, 21 Atl. 186, 11 L. R. A. 101, it was said:

"The reason which underlies the privilege of witnesses is that no one may be deterred from attending the place of trial and delivering his testimony by reason of a liability to be sued in a foreign or distant jurisdiction. * * *

"The immunity extends to every person who in good faith attends as a witness any place where testimony is to be taken according to the practice of the courts to be used in establishing the rights of a party in any judicial proceeding."

The rule should be as comprehensive in its application as the reason for its existence. Not the name, but the function, of the tribunal controls. If it is charged with the duty of enforcing the law, investigating complaints of alleged violations, empowered to summon parties and witnesses, and to hear and determine the issues raised by such complaints, it is a court within the reason and spirit of the rule, and therefore within its meaning. This rule has been held broad enough to include witnesses before commissions issued by a court (Mulhearn v. Press Publishing Co., 53 N. J. Law, 153, 21 Atl. 186, 11 L. R. A. 101), referees in bankruptcy (Morrow v. U. H. Dudley & Co. [D. C.] 144 Fed. 441), in summary dispossession proceedings under a landlord and tenant statute (Richardson v. Smith, 74 N. J. Law, 111, 65 Atl. 162), a party conferring with counsel pending an argument of a demurrer (Kinne v. Lant, 68 Fed. 436), witnesses coming into a state for the purpose of giving depositions before a notary, whether in pursuance of an order of the court or an agreement of counsel (Roschynialski v. Hale [D. C.] 201 Fed. 1017), and also witnesses before a legislative committee (32 Cyc. 493); and no good reason appears why it should not include the defendant while he attended such hearing. The commissioner had all the powers of a court of justice necessary to hear and determine the particular issue then before him, and the

defendant, as a party thereto, was immune from service of civil process while attending such proceeding.

The attendance of the United States marshal before the commissioner, on both of the days referred to, is cited as indicating that the proceedings were instituted for the purpose of getting the defendant in this district, that such service might be had. It is not necessary, however, to give consideration to this contention, as the defendant's right to immunity from this service is justified by the reasons given.

The motion to set aside the service is allowed.