## Scott v. Simmons

*Bloom & Bloom,* for plaintiff.
*Burnside, Moninger & Burnside,* for defendant.

BROWNSON, P. J., October 10, 1936.—On May 19, 1936, a collision occurred between an automobile belonging to plaintiff, Dille Scott, in which she and plaintiffs in two other cases that were argued with this one were riding, and an automobile driven by defendant, Robert Simmons. In this collision each of these several plaintiffs received personal injuries and the automobile of Dille Scott was damaged. These actions were brought to recover for the results of said collision, it being alleged that it was caused by the negligence of defendant in the operation of his car. Plaintiffs in these actions are residents of Washington County; defendant is a resident of Greene County. The accident occurred in the latter county.

This accident having been reported to the Bureau of Highway Patrol and Safety, in the State Department of Revenue, the Chief of Safety in that bureau, on July 29, 1936, addressed a letter to defendant requesting the latter to appear at a hearing to be held on August 5, 1936, in the

court house at Washington, Pa., giving the purpose of the hearing as being "to determine the culpability of those involved [in the accident] and to furnish a basis for the suspension of operating privileges", and stating that defendant might, at the hearing, present witnesses and records or other evidence, and might, should he so desire, be represented by counsel. In accordance with this notice, defendant, on August 5th, came to Washington County, and, while at the court house waiting for the hearing to begin, was served with the writs of summons in these three actions. What the result of the hearing was does not appear. Before the return day defendant, appearing de bene esse, prayed for the setting aside of the service in each of the cases on the ground of privilege and obtained rules to show cause, the answers to which admit all the facts but assert the legality of the service upon him. The cases thus come before us upon the single question whether defendant, having come into this county to attend the hearing above mentioned, should be held to be immune from the service upon him, while so in attendance, of civil process in these actions.

It is a well-settled rule that a nonresident who comes into the county, bona fide, for the purpose of attending, as a party or as a witness, a trial or hearing in a legal proceeding, should ordinarily be treated as exempt, eundo, morando et redeundo, from the service upon him of either a capias ad respondendum or a summons in a civil action so as to bring his person within the civil jurisdiction of a legal tribunal of the county; and this is so, even though he be under no legal compulsion so to come. If he be a party to the pending proceeding, he may properly come of his own will for the purpose of looking after his interests and seeing to the enforcement or defense of his rights therein: Kellar et al. v. Jackman, 5 Wash. Co. 183; or if he come to testify, it is not essential that he be required by subpœna so to do, and he will be accorded the privilege of exemption even though he come as a witness merely upon request: Ruger et al. v. Keller et al., 12 W. N. C.

371; Lowe v. Cowan, 24 Dist. R. 836; Bangert v. Smith, 34 Pa. C. C. 578; Wilson v. Byrd, 14 W. N. C. 438; see Tyrone Bank v. Doty, 2 Dist. R. 558. Therefore, insofar as defendant may have come into Washington County at the request of the representative of the Bureau of Highways for the purpose of testifying at this hearing, he would be exempt, provided it was such a legal hearing as to be within the scope of the rule of immunity; and if it were such, then, as the notice made him a party in interest, he would in that character be immune, unless he should be found to be subject to some exception to the general rule.

In Roberts v. Austin, 5 Whart. 312, it was said that the court has a legal discretion upon the question of according or denying to defendant this privilege of exemption from service, and therefore the propriety of its action on the subject cannot be reviewed by the Supreme Court; but, in the absence of some reason for denying it, the rule followed by the courts is as above stated.

As to the nature of the proceeding attendance upon which will bring the rule into play, it has been said that the right to exemption from service "may be claimed in all proceedings which are in their nature judicial, whether taking place in court or not": 50 C. J. 554. While originally it obtained only in case of attendance upon the sittings of courts of record, it has been gradually extended so as to apply to such things, for example, as attendance before a magistrate: Snyder v. Miller, 20 York 140; or at the sittings of an auditor appointed by a court: Roberts v. Austin, 5 Whart. 312; Kellar et al. v. Jackman, 5 Wash. Co. 183; to attendance at the taking of depositions, whether under an order of court or by agreement: Wetherill v. Seitzinger, 1 Miles 237; Holmes et al. v. Nelson et al., 1 Phila. 217; Wagenhurst v. Rohrbach, 4 Leh. L. J. 417; Partridge et al. v. Powell, 180 Pa. 22; to attendance before the register of wills: Yeakel v. Brands' Execrs., 9 Dist. R. 49; to attendance before a legislative committee conducting an investigation: 50 C. J. 555;

and to any hearing or inquiry, by whatever name it may be called, conducted by any official exercising the authority to ascertain facts and determine rights. Indeed, it has finally been extended to persons coming within the jurisdiction for the purpose of rendering a public service or a service in which the public is interested: Filer v. McCornick, 260 Fed. 309; The Land Title & Trust Co. et al. v. Rambo, etc., 174 Pa. 566.

Among the authorities cited or discovered, the case that in its facts comes the nearest to the case at bar is Stratton v. Hughes, 211 Fed. 557, decided by the United States district court in New Jersey.

The motor vehicle code of New Jersey provided for the holding by an officer called the commissioner of motor vehicles of hearings regarding alleged violations of the code by drivers, with authority to revoke driving licenses, suspend driving privileges, or impose fine and imprisonment, according to the nature of the violation found to have occurred. Defendant, Hughes, was notified to appear for such a hearing and, while attending it, was served with a summons in a civil action. The court set the service aside, holding that the character and purpose of the hearing before the commissioner were such as to give it a judicial nature, and saying (p. 558):

"Not the name, but the function, of the tribunal controls. If it is charged with the duty of enforcing the law, investigating complaints of alleged violations, empowered to summon parties and witnesses, and to hear and determine the issues raised by such complaints, it is a court within the reason and spirit of the rule, and therefore within its meaning . . . . The commissioner had all the powers of a court of justice necessary to hear and determine the particular issue then before him, and the defendant, as a party thereto, was immune from service of civil process while attending such proceeding."

Our motor vehicle code very much resembles that of New Jersey. By section 615 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, it is provided that the Sec-

retary of Revenue may, among other things, (1) suspend, with or without a hearing, the operating privilege of any person, upon receiving a record showing a conviction, upon plea or by verdict, "whenever the secretary finds upon sufficient evidence" any of certain facts, and (2) he may suspend an operator's license to drive or learner's permit, "after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence" certain facts. When an operator's license or permit is suspended, "the secretary shall immediately notify such person, and afford him an opportunity of a hearing before said secretary or his representative, provided such hearing has not already been held, and, after such hearing, the secretary shall either rescind his order of suspension or, good cause appearing therefor, may suspend the operator's license or learner's permit of such person for a further period." Then section 616 gives to the person whose license or permit has been suspended the right of appeal to the court of common pleas of the county in which he resides, which court is to have a hearing upon 30 days' notice to the secretary, to "take testimony and examine into the facts of the case, and to determine whether the petitioner [appellant] is subject to suspension of operator's license or learner's permit under the provisions of this act."

In one or two particulars the New Jersey law appears to go beyond the provisions of our code; but in their nature the hearings to be held by officers of the State department having to do with automobile licenses are essentially alike in that, under each law, the hearing is for the purpose of making a finding of facts from evidence and rendering a decision and taking action on the basis of the finding so made. The case of Stratton v. Hughes, supra, is therefore very much in point. That The Vehicle Code intended the secretary's hearing to have the essential attributes of a proceeding judicial in its nature is apparent from the several provisions of sections 615 and 616. The

secretary is not given an absolute discretionary authority to suspend. His suspension is in every instance to be based upon a finding of certain facts, and such finding must be made "upon sufficient evidence." There must be a hearing in every case; even in the class of cases in which the act says he may suspend without a hearing he is required to follow this by according to the party a hearing at which the question for determination is whether the suspension shall be rescinded or continued. This is analogous to the regulations governing the issuing of ex parte preliminary injunctions, which must be followed by a hearing within five days. Moreover, the secretary's decision is subject to appeal to the court, which is to hear the case de novo upon testimony and make findings therefrom just as did the secretary. He is made a tribunal subordinate to the court of common pleas, and the hearing before the secretary and the hearing before the court on the appeal together constitute a proceeding the purpose of which is to determine rights on the basis of findings of fact made from evidence. Such a proceeding is essentially and inherently of the nature of a judicial proceeding. Whether the secretary be characterized as a judicial or as a quasi-judicial officer does not matter; it is immaterial by what name he may be called; the material thing is the character and nature of the functions he is to perform. In view of these, especially when considered in the light of the modern tendency to take a liberal view of the scope of the doctrine respecting immunity from service, we think the instant case comes within the reason and intent of the rule.

Plaintiffs, however, take the position that the hearing before the secretary's representative was in the nature of a criminal proceeding, and that the exemption of non-resident parties from service does not obtain in the case of defendants in criminal cases, these being an exception.

As to the applicability of the principle to criminal cases, the courts in other jurisdictions throughout the country, and the lower courts in Pennsylvania, have differed and

have made divergent decisions. The only instance in which our Supreme Court has made a deliverance upon the subject appears to be in the case of Wood v. Boyle, 177 Pa. 620, 632, in which the opinion of Justice Green, citing with approval a decision made by Judge Woodward in the old Court of Nisi Prius, Key v. Jetto, 1 Pitts. Rep. 117, says that "the great preponderance of authority is that the defendant in a criminal case is not privileged from arrest on civil process, while attending court, to answer a criminal charge". This and other cases to the same effect have been severely criticized as not being based upon any reason that would stand inspection, and as being merely an unreasonable adoption of an English practice. It may be, however, that a reason for the distinction that has been made between parties to civil proceedings and defendants in criminal cases can be found in the fact that a fundamental basis of the rule giving immunity to the former is that it is a matter of public policy, in the interests of the administration of justice, that the former shall be free to come into the jurisdiction and attend the trial or hearing for the purpose of seeing to the maintenance or defense of the rights claimed by them that are to be adjudicated, whereas the latter have no liberty of choice as to attending or not attending, but are either placed in custody to insure their presence, or, if placed under bail, will upon failure to appear be sent for and be brought in by legal process. In Lyons v. Mann, 14 Dist. R. 104, Justice Green's statement was in effect characterized as a dictum, not definitely settling the question, in view of the fact that it was preceded by the remark that "It is very doubtful whether a question of privilege in the service of the writ can be considered in error after a trial on the merits". In Roberts v. Austin, supra, the Supreme Court decided that this could not be done. See also Commonwealth v. Hambright, 4 S. & R. 149. But we need not go into the question whether what Justice Green said about criminal cases was or was not more than a dictum, because in our

opinion the hearing which this defendant attended was not a hearing in a criminal case. That it was not intended to be such is plain from the provisions of the statute. The extent of the secretary's jurisdiction under section 615 as amended was to "suspend operating privileges". "Revocation", as distinguished from "suspension", is provided for by section 614, and is to take place only when conviction of any of certain crimes is certified by the clerk of a criminal court. Nowhere in the statute is the secretary constituted a tribunal to try and convict of crime; nor is he even made a committing magistrate, to hold any person to answer for a crime in a court. The utmost that he can do is to deal with the civil right by suspending the grant made to the person of the privilege of operating motor vehicles upon the highways. If any criminal offense may have been committed it is to be dealt with by the ordinary processes of the law, put in motion by a regular criminal information, or, where an offense results in death, by the presentment of a coroner's jury and a commitment by the coroner in pursuance thereof. We are all agreed that a hearing before the secretary or his representative for the purpose of determining whether a grant of operating privileges shall be suspended is not a criminal prosecution. The secretary has no power to arrest the party or to compel his attendance at the hearing; he is merely to "afford an opportunity" to be heard, and the party may or may not attend, as he chooses. And finally, the appeal from the secretary's decision, for a hearing de novo, is not to a court of criminal jurisdiction but to the court which deals with civil rights, the court of common pleas. We are all agreed that a hearing before the secretary or his representative for the purpose of determining whether the grant of operating privileges shall be suspended is not a criminal prosecution or proceeding.

And now, October 10, 1936, the rule to show cause granted in this case is made absolute, the service of the summons made upon defendant is set aside and the re-

turn thereof stricken off. And, as the territorial jurisdiction of this court to entertain and proceed with this action against this nonresident defendant depends upon his presence within the county under circumstances such as to make him amenable to the process of the court, it. is further ordered that the service returned as made upon Walter Carson, as guardian ad litem of defendant, be also set aside.    From Harry D. Hamilton, Washington.