## CHAMBLISS v. HAEBERLE.

### Civ. No. 810.

District Court, D. New Jersey.

July 16, 1940.

Levitan & Levitan, of Jersey City, N. J. (Abraham Levitan, of Jersey City, N. J., of counsel), for plaintiff.

Rawlings Ragland and Tom DeWolfe, Sp. Assts. to Atty. Gen., and William F. Smith, Acting U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., for defendant.

WALKER, District Judge.

The plaintiff admits the general rule that suitors as well as witnesses coming from another state or jurisdiction are exempt from the service of civil process while in attendance upon court and during a reasonable time in coming and going,[1] but says: When the defendant moves to strike the service herein on the ground that he was served while he was a witness coming from another state or jurisdiction to give testimony in an action pending in the United States District Court for the Southern District of New York, such motion cannot prevail, because the defendant on the date and at the time and place of service was not within the general rule, being in fact, a volunteer witness, and further he was served in the State of New Jersey and the action wherein he was to appear as a witness was pending in another state.

The facts briefly stated are:

Defendant was an American Consul resident in Rio de Janeiro, Republic of Brazil, South America, and the plaintiff was the master of a vessel belonging to the United States Shipping Board, and while in the harbor of Rio de Janeiro in 1919, he was discharged from said post by the defendant on instructions from the Shipping Board and State Department, in accordance with the law and federal administrative practice in force at such time. Subsequently, in 1921, the plaintiff sued the United States Shipping Board and the United States of America in the Federal Court for the Southern District of New York, in a libel in personam for damages arising out of said discharge, and when the cause came on for trial during the latter part of June.

---

[1] Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192; Halsey v. Stewart, 4 N.J.L. 366; Stratton v. Hughes, D.C.N.J., 211 F. 557; Roschynialski v. Hale, D.C., 201 F. 1017; Adamy v. Parkhurst, 6 Cir., 61 F.2d 517; Kaufman v. Garner, C.C., 173 F. 550; Church v. Church, 50 App.D.C. 239, 270 F. 361, 14 A.L.R. 769.

1921, the defendant, at the request of the Shipping Board and State Department, proceeded from Rio de Janeiro to Hoboken, New Jersey, the point of disembarkment. He disembarked on Friday, June 24, 1921 (the case in question was set down for trial on Monday, June 27, 1921), and was arrested by a Deputy U. S. Marshal and taken before a United States Commissioner at Hoboken, New Jersey, to answer a complaint (Exhibit G–2), and on the same day and after he had been released on his personal recognizance, he was served by the Sheriff of the County of Hudson, at the foot of First Street, Hoboken, New Jersey (see Return of said Sheriff), with the summons and complaint herein. (This matter was originally started in the Hudson County Circuit Court and is here on order of removal dated February 2, 1940.)

■ Points II, III and IV of the plaintiff's brief are all predicated upon the theory that defendant was a witness on his way to voluntarily testify in the action pending in the United States District Court for the Southern District of New York, and as such was not entitled to immunity from service of the summons and complaint herein. This theory has been answered many times and does not haunt the court as Julius Caesar ghosted Brutus at Philippi. Exhibit G–1 (copy attached hereto) establishes that in the opinion of the Department of State, the presence of Haeberle at the trial in question was essential and the time consumed in transportation to the United States and appearing at the trial was under orders, which prove the good faith of the defendant, if nothing more, and even if we hold that, appearing under orders from the government involved therein, and which government Haeberle was serving as consul, was appearing voluntarily because it was not under process still, the defendant was immune from the service under attack because the rule in this state is; one who attends a trial under process as a witness or who attends as a party or who in good faith attends voluntarily as a witness, is privileged from arrest on civil process and from the service of a summons.[2]

■ The plaintiff at this point can almost be heard to say: Even if the privilege extends to a witness who in good faith attends voluntarily, it cannot be successfully asserted by one passing through this state on his way to another state where the action he is to testify in is pending.

A complete answer is to paraphrase the language of the Supreme Court of Tennessee.[3]

The privilege of immunity from service arose from grounds of public policy as it relates to the administration of justice, a matter of supreme importance. If parties to a cause or their witnesses are liable to be served with a summons while passing through one state to another, they may be intimidated and prevented from complying with the foreign court's mandate, if actually summoned or subpoenaed, or from appearing voluntarily as is their privilege. It is against public policy to permit them to be deterred by fear of being subjected to suit while attending or so going or returning. Justice in such connection is to be conceived of as a thing integral and not partible by state or jurisdictional lines; all courts must be presumed to interest themselves alike in promoting and keeping unhampered its fair administration.

New Jersey has seen that its processes are not used to thus embarrass the administration of justice in a sister state;[4] and naturally expects the courts of other states to rule in reciprocation. Thus, being a species of comity,[5] a common end will be served.

Exhibit G–1

Telegram Sent

Department of State,
Washington,
May 24, 1921.

Charge to Shipping Board
American Consul,
    Rio de Janeiro, (Brazil).

For Haeberle. Your May twenty-first. Department unable grant you year's leave of absence, but will grant you sixty days without pay upon expiration present simple leave. However, your presence at trial

---

[2] Halsey v. Stewart, 4 N.J.L. 366; Miller v. Dungan, 37 N.J.L. 182; Massey v. Colville, 45 N.J.L. 119, 46 Am.Rep. 754; Roschynialski v. Hale, D.C., 201 F. 1017; Mulhearn v. Press Pub. Co., 53 N.J.L. 153, 21 A. 186; 11 L.R.A. 101; Golde v. Golde, 108 N.J.Eq. 519, 155 A. 677; Michelin v. Michelin, 100 N.J.Eq. 64, 135 A. 150.

[3] Sofge v. Lowe, 131 Tenn. 626, 176 S.W. 106, L.R.A.1916A, 734.

[4] Riewold v. Riewold, 121 N.J.Eq. 134, 188 A. 72.

[5] Feister v. Hulick, D.C., 228 F. 821 (short discussion on comity).

Chambliss suit is essential. Shipping Board will defray your expenses coming to United States and return Brazil and time consumed in transportation to United States and appearing at trial will be under orders and not chargeable to your leave. After trial time spent in transit to Brazil will be charged to your leave. Shipping Board anxious for you arrive before June twentieth. Arrange first available transportation and telegraph Department when you will leave Rio de Janeiro and approximate date of arrival United States.

196.1/914

LCP/JBN          Hughes

Co–              (NJC)