## PLIMPTON *v.* WINSLOW.

*(Circuit Court, S. D. New York.* November 12, 1881.)

1. STATE COMITY—SERVICE OF PROCESS.

A party to a suit which has been brought in a circuit court of the United States is protected from the service of process and papers in another suit between the same parties for the same cause of action, which has been commenced in a circuit court in another state, while attending there a regular examination of witnesses in the former suit.

In Equity.

*E. N. Elliot,* for plaintiff.

*Wetmore, Jenner & Thompson,* for defendant.

BLATCHFORD, C. J. A suit in equity brought by the plaintiff in this suit against the defendant in this suit, for the infringement of letters patent, is pending in the circuit court for the district of Massachusetts.

Prior to November 2, 1881, it had been verbally agreed between Mr. Roberts, the counsel for the defendant, and Mr. Clark, the counsel for the plaintiff, in the suit in Massachusetts, that the defendant might have testimony on his behalf taken in the city of New York for use in that suit before Mr. Thompson, as a special examiner, and Mr. Clark verbally agreed to attend before Mr. Thompson at any time, on telegraphic notice, for the purpose. Such notice was given that the plaintiff, together with the defendant and Mr. Roberts, attended in New York, before Mr. Thompson, on November 2d. Mr. Clark was not present on that day. Witnesses were examined on that day on behalf of the defendant, before Mr. Thompson, by Mr. Roberts, as counsel for the defendant, with the acquiescence of the plaintiff, who was present during the examination, and it was agreed between the plaintiff and Mr. Roberts that Mr. Clark should have the right to afterwards cross-examine the said witnesses and enter objections to all questions in the direct testimony, and the examination was adjourned to November 3d. On that day Mr. Clark appeared and cross-examined the said witnesses, and also, in conjunction with Mr. Roberts, signed a stipulation in writing, dated November 2d, and entitled in the Massachusetts suit, stipulating and agreeing that Mr. Thompson might be appointed a special examiner by the court of Massachusetts to take the testimony for the defendant in the suit in New York, under the sixty-seventh rule in equity, as amended. After the adjournment on the second of November, and on that day, the defendant was served personally in the street in New York, after he had left the building where the examiner's office was, and a few steps therefrom, with a subpœna to appear and answer in this suit, and with a copy of the bill and other papers in this suit, and notice of a motion to be made for an injunction herein. The bill in the suit was filed November 2d, and is a bill for the infringement of the same letters patent. The defendant now moves to set aside the service of the subpœna and the other papers on the ground that the privilege of the defendant was violated.

It is very clear that the motion must be granted. The defendant attended as a party before the examiner. The regularity of the examination was recognized by the attendance of the plaintiff, by the arrangement he then and there made for future cross-examination by Mr. Clark, and by the antedated written stipulation which Mr. Clark signed the next day. The examination was thus made a regular proceeding in the suit in Massachusetts. The defendant had a right to attend upon it in person, whether he was to be himself examined as a witness before Mr. Thompson or not, and he had a right to be protected, while attending upon it, from the service of the papers which were served in this suit. He attended in good faith, the examination was pending and unfinished, and he was served during the interval of an adjournment. The privilege violated was a privilege of the Massachusetts court, and one to be liberally construed for the due administration of justice. *Juneau Bank* v. *McSpedan*, 5 Biss. 64; *Brooks* v. *Farwell*, 4 FED. REP. 166; *Bridges* v. *Sheldon*, 7 FED. REP. 17, 42.

The only objections urged against the motion are technical ones— that the written stipulation was not signed till after the service was made; that there was no order as to the examination entered in the Massachusetts court; that no formal written notice of the intended examination was served; that the sitting before the examiner was, therefore, unauthorized; and that the written stipulation cannot have an effect as of a date earlier than November 3d. If these objections were allowed to have force, the plaintiff would only be placed in the position of having, by the prior verbal arrangements made, sanctioned by the subsequent action of himself and his counsel thereunder, decoyed the defendant to visit New York by deceptive inducements, and thus the case would be brought within the principle laid down in *Union Sugar Refinery* v. *Mathiesson*, 2 Cliff. 304, and in *Steiger* v. *Bonn*, 4 FED. REP. 17. The plaintiff and his counsel, by what they said and did, represented to the defendant that the proceeding before Mr. Thompson was regular and orderly and authorized, and induced him to rely on that view. He had a right, as a party to the Massachusetts suit, to attend a regular examination of witnesses in that suit in New York, and to be protected, while so attending, from the service of the papers in this suit. The plaintiff is estopped from raising the objection as to regularity.

The motion is granted.