### FLECHTER v. FRANKO.

(*Common Pleas of New York City and County, Special Term.* May, 1891.)

SERVICE OF PROCESS—PRIVILEGE OF WITNESS—SUPPLEMENTARY PROCEEDINGS.

   A resident debtor, while attending court as a witness, is not exempt from service of an order for his examination in supplementary proceedings.

Action by Victor S. Flechter against Nahan Franko. Defendant moves to vacate an order for his examination as a judgment debtor in supplementary proceedings.

*Benno Loewy,* for plaintiff. *David M. Neuberger,* for defendant.

BOOKSTAVER, J. This motion is based upon the ground that the papers in the proceeding were served upon defendant while attending court as a witness, and is made not to vacate the service thereof, but the order itself. Obviously, if improperly served, it would not vitiate the order, but merely affect the service of it. This court has decided that service of papers may be made upon a witness who is a resident of the state, even although attending court. In *Sheldon* v. *Wakely,* 3 N. Y. Law Bull. 94, Chief Judge DALY said: "The defendant is considered as being a resident within the jurisdiction whenever in the state he might be found, and residents have no immunity from service of summons because they happen to be attending as witnesses when so served." To the same effect is *Frisbie* v. *Young,* 11 Hun, 474. In the course of the opinion in that case, BRADY, J., said: "As a resident witness, he was exempt only from arrest while attending for examination, and not from the service of process. Non-resident witnesses were discharged absolutely. Grah. Pr. (2d Ed.) 130, and cases cited. The privilege does not extend to non-bailable process, or process on which no bail is demanded." In this case it was conceded on the argument that the debtor was a resident of this state. The case of *Person* v. *Grier,* 66 N. Y. 124, is not in conflict with the foregoing decisions, for that merely decides that the resident of a foreign state, while attending a court of this state as a witness, could not be served with a process for the commencement of a civil action against him. The motion to vacate the service of the process should therefore be denied.