JAMES H. PARKER, Respondent, v. MANUEL MARCO, Appellant.

A federal court, exercising its jurisdiction in another state, has the same privileges and can afford its suitors the same immunities, as a like court sitting in this state.

It is the right as well as the privilege of a party to an action to be present whenever testimony is to be taken, which may be used in the action for the purpose of affecting its final determination.

The privilege of a suitor or witness to be exempt from service of process, while without the jurisdiction of his residence, for the purpose of attending court in another jurisdiction, extends to every proceeding of a judicial nature, taken in or emanating from a duly constituted tribunal, which directly relates to the trial of the issues involved.

*It seems* the power to issue a writ of privilege or protection still exists and the writ may be granted to a party or witness by courts possessing a common-law jurisdiction.

The writ, however, is not necessary for the enjoyment of the privilege of exemption from service of process.

An action was brought against defendant, a resident of another state, in the U. S. Circuit Court in that state; he came to this state at the instance of plaintiff, solely for the purpose of attending an examination of plaintiff and his witnesses before a notary public in this state. Defendant had assented to such examination and agreed upon the day therefor. When the time agreed upon arrived defendant was informed that plaintiff had abandoned the intention to take the evidence as proposed. This was late in the afternoon; the next morning defendant started for his home and while *en route* was served with the summons in this action, which was brought for the same cause of action as that at

issue in said Circuit Court. *Held,* that defendant when served was privileged from service and so, that the service was properly set aside; that plaintiff under the U. S. Revised Statutes (§ 863) had the absolute right to take the testimony of his witnesses in this state to be used on the trial of the action in the federal court, upon giving reasonable notice; that the notary represented the court *pro hac vice;* and that the compulsory character of the proceeding was not affected by the waiver of notice and fixing the time by agreement.

*Parker* v. *Marco* (61 Hun, 519), reversed.

(Argued December 16, 1892; decided January 17, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 13, 1891, which reversed an order of the Special Term, setting aside the service of a summons in the above-entitled action.

The facts, so far as material, are stated in the opinion.

*John R. Abney* for appellant. The defendant was exempt from service, he being in the state for the sole purpose of attending the taking of testimony before a notary public in another action to which he was a party. (*Meekins* v. *Smith,* 1 H. Bl. 636; *Norris* v. *Beach,* 2 Johns. 294; *Bours* v. *Tuckerman,* 7 id. 538; *Hopkins* v. *Coburn,* 1 Wend. 292; *Clark* v. *Grant,* 2 id. 257; *Sanford* v. *Chase,* 3 Cow. 381; *Seaver* v. *Robinson,* 3 Duer, 622; *Dixon* v. *Ely,* 4 Edw. Ch. 557; *Merrill* v. *George,* 23 How. Pr. 331; *Person* v. *Grier,* 66 N. Y. 124; *Mathews* v. *Tufts,* 87 id. 568; *Thorp* v. *Adams,* 18 Civ. Pro. Rep. 279; 19 id. 351; *Hollender* v. *Hall,* 18 id. 394; 19 id. 292; U. S. R. S. § 863; Code Civ. Pro. § 915; *Bridges* v. *Sheldon,* 7 Fed. Rep. 44; *Plimpton* v. *Winslow,* 9 id. 365; *Larned* v. *Griffin,* 12 id. 590; *Hatch* v. *Blissett,* Gilbert, 308; *U. S.* v. *Edme,* 9 S. & R. 147.) The defendant was exempt from service, he having been induced to come into this state by the attorney for plaintiff, representing to the attorney for defendant that he intended to take testimony here before a notary public in a case pending between the plaintiff and defendant. (*Plimpton* v. *Winslow,* 9 Fed. Rep. 366; *Allen* v. *Wharton,* 36 N. Y. S. R. 558; *Baker* v. *Wales,* 14 Abb. Pr. [N. S.] 331.) There is another action pending between the same parties for the same cause,

to wit, in the Circuit Court of the United States for the Dis,
trict of South Carolina. (Code Civ. Pro. § 488 ; Const. U. S,
art. III, § 2; Id. art. IV, §§ 1, 2.)

*T. Henry Dewey* for respondent. A party to an action
pending in another state who comes into this state to be pre,
sent at the taking of testimony to be used in that action is not
exempt from the service of civil process. This is especially
so where the testimony is to be taken informally under a
mutual agreement before a notary public. (*Person* v. *Grier*,
66 N. Y. 124 ; *Matthews* v. *Tufts*, 87 id. 568 ; *Merrill* v.
*George*, 23 How. Pr. 331 ; *Hollender* v. *Hall*, 18 Civ. Pro. Rep.
394 ; 19 id. 292 ; *Thorp* v. *Adams*, 19 id. 351 ; *Day* v. *Harris*,
20 id. 255 ; *Sander* v. *Harris*, 20 id. 258 ; *Grier* v. *Young*,
120 Ill. 184.) The exemption is removed if the party or wit-
ness loiters after the action or proceeding is terminated, and
he has had reasonable opportunity to depart. (*In re Baruch*,
24 Abb. [N. C.] 109 ; *Thorp* v. *Adams*, 19 Civ. Pro. Rep. 351 ;
*Pope* v. *Negus*, 14 id. 406 ; *Tribune Assn.* v. *Sleeman*, 12
id. 20 ; *Hollender* v. *Hall*, 19 id. 292 ; *Clark* v. *Grant*, 2
Wend. 257 ; *Smith* v. *Meyers*, 1 T. & C. 665 ; *Heron* v.
*Stokes*, 6 Ir. Eq. 125 ; *Strong* v. *Dickenson*, 1 M. & W. 438.)
The defendant does not claim in his notice of motion, nor
would the proof in any way, support a claim, that there was
any device, trick, or fraudulent inducement on the part of the
plaintiff ; and this would be necessary as a ground for vacating
the summons. (*Metcalf* v. *Clark*, 41 Barb. 45 ; *Baker* v.
*Wales*, 3 J. & S. 403 ; *A. P. T. Co.* v. *B. R. R. Co.*, 14 id. 373 ;
*Carpenter* v. *Spooner*, 2 Sandf. 717 ; *Dunham* v. *Cressy*, 20
N. Y. S. R. 266 ; *Wyckoff* v. *Packard*, 20 Abb. [N. C.] 420.)
The pendency of another action between the same parties for
the same cause in another state is not a ground for setting
aside the summons, or even for abatement. (*Bowne* v. *Joy*,
9 Johns. 221 ; *Walsh* v. *Durkin*, 12 id. 99 ; *U. C. D. M. Co.*,
v. *Otis*, 37 Hun, 307 ; *Mitchell* v. *Bunch*, 2 Paige, 606 ; *O. C.
Bank* v. *Bonney*, 101 N. Y. 175 ; *Hatch* v. *Spofford*, 22 Conn.
485 ; *Grier* v. *Young*, 120 Ill. 184.)

MAYNARD, J.   The defendant is a resident of South Caro-
lina and an action had been there brought against him in the
Federal Circuit Court by the plantiff, who is a resident of this
state.   On April 6, 1892, the defendant came to the city of
New York at the instance of the plaintiff to attend an exami-
nation of the plaintiff and his witnesses before a notary public,
which by the agreement of the counsel for the respective par-
ties had been set down for that date.   The plaintiff procured
the defendant's assent to the examination upon the statement
that he desired to be in readiness to try the cause at the
ensuing April Circuit, to be held at the city of Charleston.
When the time for taking the testimony arrived the defendant
was informed by plaintiff's counsel that he had abandoned his
intention to take the evidence as proposed, for the reason that
on account of sickness in his, the counsel's family, the plaintiff
would not be prepared to go to trial at the April Circuit, and
he expected to be able to produce his witnesses in court when
the trial should take place at a subsequent term.   It was then
late in the afternoon and the defendant returned to his hotel
and remained over night, and the next morning started for
his home in South Carolina.   He was intercepted at the ferry
by a process server, who served him with a summons in this
action brought by the plaintiff in the Supreme Court of this
state for the same cause of action at issue in the Federal Court
in South Carolina.   The defendant had no business in New
York except that which related to the proposed examination.
The defendant has appealed from an order of the General
Term, reversing an order of the Special Term, which set aside
the service of the summons upon the ground that, when served,
he was privileged from service.

Under section 863 of the Revised Statutes of the United
States the plaintiff had an absolute right to take the testimony
of his witnesses in this state to be used upon the trial of the
action in South Carolina upon giving reasonable notice to the
defendant.   The compulsory character of the proceeding was
not affected by the waiver of notice and the fixing of the time
by the agreement of parties.   (*Plimpton* v. *Winslow*, 9 Fed.

R. 365.) The same section provides that a person may be required to appear and testify before the notary in the same manner as witnesses in open court, and section 915 of our own Code authorizes any state judge to issue a subpœna to compel the attendance of a witness in such a case. In the trial of the action the notary thus becomes the arm of the court, and, as was held in *In re Rindskopf* (24 Fed. R. 542), represents the court *pro hac vice.*

The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party or in which he is to be sworn as a witness is a very ancient one. (Year Book 13, Hen. IV, I. B. Viner's Abr. "Privilege.")

It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues-involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice. (*Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 id. 568.) At common law a writ of privilege or protection would be granted to the party or witness by the court in which the action was pending, which would be respected by all other courts. We cannot find that the power to issue such a writ has been abrogated by legislation, and it doubtless exists, and the writ may still be granted by courts possessing a common law jurisdiction; but while the granting of the writ is proper, it is not necessary for the enjoyment of the privilege, and the only office which it can perform is to afford " convenient and authentic notice to those about to do what would be a violation of the privilege, and to set it forth and command due respect to it." (*Bridges* v. *Sheldon*, 7 Fed. R. 44.) The tendency has been not to restrict but to enlarge the right of privilege so as to afford full protection to parties and witnesses from all forms of civil process during their attendance at court and for a reasonable time in going and returning. (*Larned* v. *Griffin*, 12 Fed. Rep. 592.)

Hearings before arbitrators, legislative committees, registers and commissioners in bankruptcy, and examiners and commissioners to take depositions, have all been declared to be embraced within the scope of its application. (Bacon's Abr. "Privilege;" *Sanford* v. *Chase*, 3 Cow. 381; *Matthews* v. *Tufts, supra; Hollender* v. *Hall,* 18 Civ. Pro. 394; 19 id. 292; *Thorp* v. *Adams,* Id. 351; *Bridges* v. *Sheldon*; *Plimpton* v. *Winslow,* and *Larned* v. *Griffin, supra.*) It has even been extended to a suitor returning from an appointment with his solicitor for the purpose of inspecting a paper in his adversary's possession in preparation for an examination before a master (*Sidgier* v. *Birch,* 9 Ves. 69), and while attending at the registrar's office with his solicitor, to settle the terms of a decree (*Newton* v. *Askew,* 6 Hare, 319); and while attending from another state to hear an argument in his own case in the Court of Appeals (*Pell's* case, 1 Rich. L. 197). No good reason can be perceived why the privilege should not be extended to a party appearing upon the examination of his adversary's witnesses, where the testimony is taken pursuant to the authority of law, and can be read upon the trial with the same force and effect as if it had been taken in open court. It is a proceeding in the cause, which materially affects his rights, and the necessity for his attendance is quite as urgent as it would be if the examination was had at the trial. But we do not think that the question of the necessity of his presence is material. It is the right of the party, as well as his privilege, to be present whenever evidence is to be taken in the action, which may be used for the purpose of affecting its final determination. It is essentially a part of the trial, and should be so regarded so far as it may be necessary for the protection of the suitor. There have been many analogous cases in the Federal courts where the right to the privilege has been upheld. In *Bridges* v. *Sheldon* (*supra*), the action was pending in the U. S. Circuit for Vermont. A reference had been ordered to a master to take and state an account. The master on motion of the plaintiff had made an order for the taking of a deposition before a commissioner in the state of Iowa. The defendant, while

attending before the commissioner in Iowa, was served with process in a suit brought by the plaintiff for the same cause of action as in the Federal court. Judge WHEELER, in very strong terms, condemned the procedure and held that the defendant was absolutely privileged from service, and that the conduct of the plaintiff in causing such service to be made was a contempt of court, and could be punished as such. It seems that in such a case the party has a two-fold remedy. He may move in the court, whose privilege has been violated, to punish the party in that court who has been guilty of such violation, or he may move in the court out of which the process has been improperly issued to vacate it, and the motion will be granted.

In *Plimpton* v. *Winslow* (*supra*) the suit was pending in the U. S. Circuit for Massachusetts. By agreement of counsel testimony was taken before a special examiner in New York city, and while defendant was attending before the examiner he was sued by the plaintiff in the U. S. Circuit for New York. Judge BLATCHFORD set aside the service, saying: " It is very clear that the motion must be granted. The defendant attended as a party before the examiner. The regularity of the examination was recognized by the attendance of the plaintiff. The defendant had a right to attend upon it in person, whether he was to be himself examined as a witness before Mr. Thompson or not, and he had a right to be protected, while attending upon it, from the service of the papers which were served in this suit. He attended in good faith. The privilege violated was a privilege of the Massachusetts court, and one to be liberally construed for the due administration of justice."

In *Larned* v. *Griffin* (*supra*) the defendant was in Massachusetts attending upon the taking of a deposition under a commission issued out of the Superior Court of Cook county, Illinois, and was arrested upon civil process in an action brought in a state court of Massachusetts, which was afterwards removed into the U. S. Circuit Court. Judge COLT sustained a plea in abatement on the ground that the defend-

ant was exempt from process. In *Hollender* v. *Hall* (*supra*) the witness was attending, pursuant to a stipulation before a notary public, to have his deposition taken in an action pending in the U. S. District Court for the southern district of New York, and the Special Term set aside the service of process upon him, and its decision was affirmed by the General Term of the first department. A distinction is sought to be made between that case and the one at bar, because there the court in which the action was pending existed within the limits of this state, while here it is a court sitting in another state. There does not appear to be any sound principle upon which such a discrimination can rest. A Federal court exercising its jurisdiction in another state has the same privileges and can afford to its suitors the same immunities as a like court sitting in this state. Both exist by virtue of the Federal Constitution and laws, which are supreme everywhere, and when taking testimony out of court in this state both are proceeding under the same act of the Congress. A party who is brought here in such a proceeding is, we think, entitled to the same protection without regard to the local jurisdiction of the court in which the action is pending.

It may be assumed that the plaintiff acted in entire good faith, and that his procedure was not a device to secure the presence of the defendant within the territorial jurisdiction of the courts of this state. In the view we take of the privilege of the defendant, the plaintiff's motive is of no importance.

The order of the General Term should be reversed and the order of the Special Term affirmed, with costs.

All concur, except GRAY, J., dissenting.

Order reversed.