THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK HESS, Respondent, *v.* HORACE INMAN, Appellant, Impleaded with A. B. FLANSBURGH, a Justice of the Peace of the County of Montgomery.

*Justice's Court — service of a summons upon a non-resident of the county attending court — writ of prohibition.*

A party attending an action on trial at a Circuit in a county other than that in which he resides is exempt from the service of a summons in a civil action in a Justice's Court of such county.

A party so served with a summons is entitled to a writ of prohibition restraining the prosecution of the action in the Justice's Court.

APPEAL by the defendant, Horace Inman, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Montgomery county on the 28th day of February, 1893, directing the issuance of a writ of prohibition " addressed to A. B. Flansburgh, a justice of the peace in and for the county of Montgomery, and to Horace Inman, defendants, commanding said justice and said Horace Inman to desist and refrain from any and all further proceedings in a certain action commenced in the court

of said justice of the peace on the 20th day of January, 1893, by said Horace Inman as plaintiff, against Frederick Hess, the relator herein, as defendant, and now pending in said Justice's Court," and vacating and annulling all the proceedings theretofore taken in the said action in the Justice's Court.

*W. Barlow Dunlap*, for the appellant.

*Thomas Richardson*, for the respondent.

PUTNAM, J.:

It is well settled that a non-resident of the State while here in attendance upon a court as a party or a witness cannot be arrested or served with a process in a civil action. (*Parker* v. *Marco*, 136 N. Y. 585; *Matthews* v. *Tufts*, 87 id. 568; *Person* v. *Grier*, 66 id. 124.)

There are cases, however, holding that a resident of the State attending as a party or a witness in a county other than that in which he lives is not exempt from the service of a summons in a civil action. (*Frisbie* v. *Young*, 11 Hun, 474; *Hopkins* v. *Coburn*, 1 Wend. 292; *Bours* v. *Tuckerman*, 7 Johns. 538; *Sheldon* v. *Wakely*, 3 Law Bull. 94; *Fletcher* v. *Franko*, 15 N. Y. Supp. 674.)

In the case of *Sheldon* v. *Wakely* (*supra*), although the action was commenced in the New York Common Pleas, a local court, under the provisions of section 278 of the Civil Code, the summons, though served in the city of New York, could have been served as well on the defendant in his own county, or in any other part of the State, and the denial of the motion to set aside the summons seems to have been placed upon that ground. In the other authorities above cited the facts were similar. The defendants in each case, although served out of the counties where they resided, and while in attendance at court as a party or witness, could have been as well served at their several homes, or any where within the State.

This case is different. Defendant while out of his county, in attendance as a party in an action pending in the Supreme Court in Montgomery county, was served with a summons issued by a Justice's Court of the latter county. Process from that court could not have been served on the defendant in the county where he resided. Hence, for the same reasons that prevent a valid service of a summons on

a non-resident of the State while here as a witness or party, the service upon defendant of the summons issued by the justice should not be deemed authorized. The defendant when served was, as to the Justice's Court of Montgomery county, without the jurisdiction of his residence for the purpose of attending court in another jurisdiction. (See *Parker* v. *Marco*, 136 N. Y. 585–589.)

It was stated by ALLEN, J., in *Person* v. *Grier* (*supra*), that it was at least doubtful whether any distinction lies as to the service of process between cases of non-residents of the State attending court as parties or witnesses and persons living within the State attending in counties outside of their residences. The learned judge uses this language : " Whether any distinction should or does in fact exist is at least doubtful. This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses while attending court could be molested with process. Witnesses might be deterred, and parties prevented from attending, and delays might ensue, or injustice be done." (See, also, *Thorp* v. *Adams*, 33 N. Y. Supp. 797.)

Within the principle stated in *Person* v. *Grier* (*supra*), we think that a party attending an action on trial at a Circuit in a county outside of his residence is exempt from the service of process in a Justice's Court action in the latter county. (See *Pritsch* v. *Schlicht*, 5 N. Y. St. Repr. 871 ; *Miles* v. *McCullough*, 1 Binney [Penn.], 77.)

We also think that the writ of prohibition was properly issued. The relator had no other adequate remedy. He could not properly move before the justice to set aside the service of the summons. Unless the writ had been issued defendant would have been compelled to proceed with the trial before the justice. (See Fiero on Spec. Proc. 89–94, and cases cited ; *Quimbo Appo* v. *The People*, 20 N. Y. 540.)

The order should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.