GEORGE A. HOAGLAND V. HENRY WILCOX.

FILED OCTOBER 3, 1894.   No. 5845.

1. **Attachment.** The plaintiff in an action is entitled to have a writ of attachment issued when he has filed an affidavit stating the necessary facts, in a court where he has instituted an action and had summons issued, which can or may be legally served, if he had the same issued with the true intent that it shall be served.

2. **Venue: ACTIONS.** A suit for the recovery of money, when the defendant is a resident of the state, must be brought in the county where the defendant resides, or in the county where he temporarily is. Such action cannot be instituted in a county in which the defendant does not reside, before he enters the county. (*Coffman v. Brandhoeffer*, 33 Neb., 279.)

3. ——: ——: ATTACHMENT: RESIDENCE OF DEFENDANT. A petition was filed in the district court of Douglas county declaring upon an account and promissory note, and an affidavit filed to procure an attachment, which stated, as grounds for the issuance of the writ, that "the said defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; that the said defendant has property and rights in action which he conceals; that the said defendant has assigned, removed, and disposed of his property, or a part thereof, with the intent to defraud his creditors; that the said defendant fraudulently contracted the debt and incurred the obligation for which the said plaintiff's suit is brought." A summons was procured by the plaintiff to be issued, directed to the sheriff of Kearney county, and was by him there served. Defendant made a special appearance and

objected to the jurisdiction of the court, on the grounds that he was a resident of Kearney county at the time the petition was filed and summons issued, and, was not then in Douglas county, which was supported by a showing of the truth of the facts stated as the grounds of the objections. The action of the court sustaining the objections to its jurisdiction and quashing the service was not erroneous.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

The facts are stated in the opinion.

*Switzler & McIntosh,* for plaintiff in error:

Attachment proceedings may be commenced in the county where property can be found, and summons sent for service to the county where the defendant resides. (*Cooper v. Reynolds,* 10 Wall. [U. S.], 308; *Slaughter v. Bevans,* 1 Pinney [Wis.], 348; *Herndon v. Givens,* 16 Ala., 261; *Atkinson v. Wiggins,* 69 Ala., 190; *Becknell v. Becknell,* 110 Ind., 42; *Conahan v. Cullin,* 2 Disney [O.], 1; *Bauer v. Deane,* 33 Neb., 487.)

*G. Norberg* and *Stewart & Munger, contra,* cited: *Coffman v. Brandhoeffer,* 33 Neb., 281; *Gandy v. Jolly,* 34 Neb., 536, 35 Neb., 711; *Gates v. Wagner,* 46 Ia., 355.

HARRISON, J.

On the 9th day of February, 1892, the plaintiff herein filed a petition in the district court of Douglas county, in which was stated an action against defendant Henry Wilcox, on an account for lumber and material sold by plaintiff to defendant, also declaring upon a promissory note executed by defendant in favor of plaintiff, and also filed an affidavit for attachment, in which it was stated: "Affiant further says that the said defendant is about to convert his property, or a part thereof, into money for the purpose of

placing it beyond the reach of his creditors; that the said defendant has property and rights in action which he conceals; that the said defendant has assigned, removed, and disposed of his property, or a part thereof, with the intent to defraud his creditors; that the said defendant fraudulently contracted the debt and incurred the obligation for which the said plaintiff's suit is brought." The affidavit also contained the following statement as a foundation for issuance of notices in garnishment: "And this affiant further says that he has good reason to believe, and does believe, that the Ætna Insurance Company and the Connecticut Fire Insurance Company of Hartford, Connecticut, and within the county of Douglas, have property of the defendant in their possession; that said property consists of loss payable to the defendant by each of said insurance companies on account of the destruction by fire of property of said defendant covered by insurance policies written by each of the said insurance companies herein named; that on account of said loss by fire of said property the said two insurance companies, and each of them, are indebted to the defendant in an amount unknown to affiant." The undertaking was filed as required by law and approved by the clerk. A summons for Henry Wilcox was issued, directed to the sheriff of Kearney county, and an order of attachment and garnishee summons issued and delivered to the sheriff of Douglas county. These writs were all returned duly served, the summons to Wilcox having been personally served upon him in Kearney county. The return of the writ of attachment shows that it was not levied directly upon any property of the defendant, and the record does not disclose whether the garnishees ever answered, hence we are not informed as to whether or not any property or credits of defendant were reached by the process issued in the attachment proceedings. Afterwards the defendant Wilcox entered a special appearance and filed the following objections to the jurisdiction of the court:

" Comes now the defendant Henry Wilcox, doing business as the Wilcox Lumber Company, and appearing specially for the purpose of objecting to the jurisdiction of this court, and for no other reason or purpose, shows to the court that it has no jurisdiction to proceed in the above entitled cause for the following reasons:

" 1. This defendant is a resident of Wilcox, Kearney county, Nebraska.

" 2. The pretended service of the pretended summons from Douglas county, Nebraska, on this defendant was made in Kearney county, Nebraska.

" 3. The Ætna Fire Insurance Company and the Connecticut Fire Insurance Company are not parties to this suit, but said insurance companies have been summoned to appear and answer as garnishees only."

The objections were accompanied by affidavits setting forth the facts of his residence in Kearney county, and that he was not in Douglas county at the time the petition in the suit was filed. On hearing in the district court the challenge to the jurisdiction was sustained and the following order made: " Now on this 14th day of April, A. D. 1892, this cause being heard on objections of defendant to jurisdiction of the court herein, upon consideration whereof the court sustains the said objections, and hereby orders that the service of process heretofore made upon defendant in this action be, and the same is hereby, quashed, to which order and ruling of court plaintiff excepts, and upon application is allowed forty days from rising of court in which to prepare and serve bill of exceptions herein." To secure a review of the above order the case was removed to this court by petition in error in behalf of George A. Hoagland, plaintiff.

The only question presented for consideration and determination is, did the commencement of the attachment proceedings in Douglas county, where property or credits belonging to the defendant could be found and subjected to

attachment process by the aid of garnishment, authorize the issuance of the summons to Kearney county and render its service there sufficient service upon which to predicate a personal judgment against the defendant so served, or one which would appropriate the property or credits, if any discovered, to the payment of the plaintiff's claims?

In the case of *Coffman v. Brandhoeffer*, 33 Neb., 279, it was held: "An action is considered commenced, so far as the right to issue a writ of attachment is concerned, as soon as the petition is filed in the proper court, and a summons is issued thereon with a *bona fide* intent that it shall be served." "A suit for the recovery of money, when the defendant is a resident of the state, must be brought in the county where the defendant resides, or in the county where he temporarily is. Such action cannot be instituted in a county in which the defendant does not reside before he enters the county." But it is contended by the counsel for plaintiff that the doctrine announced in *Coffman v. Brandhoeffer* does not apply in the case at bar, because, as they state in their brief, " it was not a proceeding *in rem.*" The opinion in the case was written by NORVAL, J., who makes the following statement: " This suit was commenced on the 3d day of April, 1890, 'in the county court of Douglas county by the plaintiff in error upon a promissory note signed by the defendant. At the same time an affidavit for attachment and garnishment was filed, and a summons, writ of attachment, and garnishee summons were issued, returnable May 5, 1890. The grounds for attachment were: (1) That the defendant was about to remove his property, or a part thereof, out of the jurisdiction of the court with intent to defraud his creditors; (2) that the defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; (3) that the defendant has property and rights in action which he conceals; (4) That the defendant has assigned, removed, or disposed

of, and is about to dispose of, his property or a part thereof, with the intent to defraud his creditors; (5) that the defendant fraudulently contracted the debt on which the action is about to be brought. On April 25 the summons was returned not served, the defendant not being found in the county." The defendant filed a motion which was as follows: " Comes now the defendant, by his attorney, and makes his appearance specially and for the sole .purpose of objecting to the jurisdiction of this court, and respectfully represents that this court has no jurisdiction of this defendant and no means of obtaining jurisdiction, and therefore no basis or authority for issuing an attachment against this defendant. Wherefore defendant asks that said attachment be withdrawn and declared void." With this motion several affidavits were filed establishing that the defendant was a resident of Keith county, and not in Douglas county when the action was instituted. There were also affidavits presented on the part of plaintiff, which, quoting the language of the opinion, were "to the effect that at the time the summons was issued they had information that the defendant was en route to the county of Douglas from Keith county; that the summons was issued with a *bona fide* intention to have it served on the day it was issued, or before the return day thereof, and that the defendant was every few weeks in Douglas county, and plaintiff believes he will soon have an opportunity of having the summons served on the defendant in said county." The motion was sustained and the case dismissed, and in the district court of Douglas county, on error thereto, the ruling was sustained, and in this court it was affirmed, the syllabus on the question of jurisdiction being as heretofore quoted, and in the text of the opinion it is stated: "For some purposes an action is not regarded as commenced until the defendant is summoned; while for others an action is deemed begun when the petition is filed and a summons is issued thereon which is served on the defendant. Manifestly it was the

intention of the legislature that an order of attachment
could properly issue before the summons is served.   The
purpose of an attachment is to secure the property of the
debtor for the payment of the judgment that shall be ren-
dered against him.   If the plaintiff must wait until the
service of a summons is made on the defendant before he
can sue out an attachment, the remedy would be of little or
no value.   We conclude that an action is to be considered
commenced, so far as the right to issue a writ of attachment
is concerned, as soon as the petition is filed in the proper
court, and summons is issued thereon with a *bona fide*
intention that it shall be served. (*Hagan v. Burch,* 8 Ia.,
309; *Reed v. Chubb,* 9 Ia., 178; *Bell v. Olmsted,* 18
Wis., 75.)  .Of course attachment proceedings will be of
no avail unless suit is brought in a court having jurisdic-
tion and personal service of a summons is made upon the
defendant or service is obtained by publication when such
service is proper.   The next question presented is, was this
action properly brought in Douglas county?   The suit is for
the recovery of money, and it is undisputed that the defend-
ant was then a resident of the state and could have been per-
sonally served with a summons therein.   This not being
a local action, section 60 of the Code governs as to the county
in which it must be brought.   This section reads: 'Every
other action must be brought in. the county in which the
defendant or some of the defendants reside, or may be
summoned.'   The defendant was a resident of Keith
county, and was not in the county of Douglas when the
suit was instituted.   The sheriff returned the summons
indorsed 'Not served, the defendant not found in Douglas
county.'   Clearly the meaning of section 60 is that actions
like this, if not instituted in the county where the defend-
ant resides, must be begun in the county where the defend-
ant actually is, and the summons must be served upon him
while in the county.   The suit cannot be commenced before
he enters the county.   *   *   *   The suit being improp-

erly brought in Douglas county, there was no authority for issuing the attachment."

It was undoubtedly determined in the opinion in the above case that an action, such as is the one at bar, must be commenced in the county where the defendant, if only one, as in this case, resided or was present and could be served with process at the time of the institution of the action, and the facts of the attachment and garnishment proceedings, being a part of the suit, could not and did not alter or extend the right of the plaintiff to make service of process upon the defendant beyond the manner prescribed and authorized by statutory provisions, as was attempted in the case at bar by the issuance of summons to the sheriff of Kearney county.  Notwithstanding that jurisdiction might have been obtained of property of defendant, if any found in Douglas county, by the officer with the attachment writ, or through the process of garnishment, yet the court would have been powerless to render any judgment or make any order which would subject it to the satisfaction of the debt of defendant until in some manner pointed out by the law, service of notice was effected upon the defendant, and as he was a resident of the state, it could not be by publication; and as he was not a resident of, and was not at the time in, Douglas county, he could not be personally served.    There could be no judgment entered without notice given. (See Cooley, Constitutional Limitations [5th ed.], 498; *Windsor v. McVeigh*, 93 U. S., 277; Brown, Jurisdiction, sec. 40 ; *Anheuser-Busch Brewing Association v. Peterson*, 41 Neb., 897.)    The service of the summons in Kearney county was unauthorized by any provision of our law, and hence was ineffectual, and the court below did not err in sustaining the objection to it.

The counsel for plaintiff have cited and quoted from the case of *Cooper v. Reynolds*, 10 Wall. [U. S.], 308, but this was a decision rendered in a collateral attack upon the effect of a judgment rendered in an attachment case, where

the writ had been levied upon property, and was not a direct attack upon the jurisdiction of the court in the original suit, as is the one at bar, and we do not consider it as decisive of the question in the case now under consideration.

The case of *Slaughter v. Bevans*, 1 Pinney [Wis.], 348, is cited by counsel as being directly in point. From the report of the case we gather that Bevans commenced an action in Iowa county district court and sued out a writ of attachment and also writs of attachment directed to Brown, Dane, Grant, Milwaukee, and Racine counties. The sheriff of Iowa county returned the writ directed to him *nulla bona*, but personally served; how or when the personal service was made not being stated or appearing in the return. The defendant in the case, Slaughter, made a motion to dismiss the proceeding, alleging, as a reason for dismissal, that he was a resident of Dane county at the time of the commencement of the action, and still continued to reside there. This motion was overruled, and the supreme court, in passing upon this point, says in the syllabus of the case: "The law does not confine the plaintiff in attachment, in suing out his writ, to the county where the defendant resides or where he is found; the affidavit that the defendant has property in the county where the writ issues, is a sufficient authority for commencing in such county;" and in the body of the opinion: "The fourth error assigned is: that the court erred in overruling the motion to dismiss the attachment. The motion was made at the September term, 1840, on the ground that the defendant was at the time of the commencement of the suit, and continued to be, a resident of Dane county, and not of the county of Iowa. The process of attachment is, in the case of a non-resident, a means of compelling a party to appear through his property. It is not regulated by the general law respecting proceedings in courts, but it is regulated exclusively by the act upon the subject of attachments. That act does not

confine the plaintiff in his suit to the county where the defendant resides or is found.   The original affidavit filed by the plaintiff sets forth that the defendant had property in the county of Iowa, which was enough to authorize the writ in that county, if the point were doubtful." The foregoing opinion, while it holds that a writ of attachment may be obtained or issue in a county other than the one in which the defendant resides or may be found if the proper affidavit is filed, does not hold that the action may proceed without service upon the defendant, and the return of the writ of attachment showed personal service, which is a material fact, as the law of Wisconsin has always seemed to contemplate that some service of the attachment writ should be made, and when made be a sufficient foundation for further proceedings to subject the property, if any levied upon, to the payment of the debt the recovery of which was sought in the action in which the writ issued.   The learned judge who wrote the opinion in the case of *Slaughter v. Bevans* doubtless had this condition of the law of Wisconsin in regard to attachment, coupled with the fact that the return of the writ showed service on defendant, in mind when he stated, "The law does not confine the plaintiff in attachment, in suing out his writ, to the county where the defendant resides or where he is found."   There are no such provisions in our law, and we do not think the rule announced in *Slaughter v. Bevans* entirely applicable, or a. governing one here.

Another case which is cited by counsel is that of *Herndon v. Givens*, 16 Ala., 261, in which the opinion of the court, in so far as it is embodied in the syllabus, is as follows: " The statute of 1807, which enacts that 'no freeholder of this state shall be sued out of the county of his permanent residence,' does not apply to suits commenced by attachment;" and in the text: "The act of 1807 enacts that 'no freeholder of this state shall be sued out of the county of his permanent residence, provided the same be within this

state, unless it be in the actions enumerated in the last section; nor shall any person who may reside in this state be held to bail, if sued out of the district or county of his residence and freehold.' (Clay's Dig., 342, sec. 163.) This enactment does not apply to suits commenced by attachment, but only to those instituted in the ordinary mode of process against the person of the defendant. The attachment is an extraordinary remedy, justified by the exigency of the case, and supposes that the seizure of the defendant's property by the initiatory process is most probably essential to the recovery of the plaintiff's demand. If the creditor was always compelled to sue it out in the county in which the debtor may be a 'freeholder' and have a 'permanent residence,' it would sometimes be ineffectual, and the debt might be lost. Thus, where the freehold was of much less value than the amount of the debt, or was encumbered, and the creditor might meet the debtor in another county removing all his personal estate beyond the limits of the state, if the creditor in such case were required to sue his attachment in the county of the debtor's residence, before it could be levied, the latter might transfer his property to another jurisdiction." The reasoning upon which the rule announced was founded, that if the creditor discovered his debtor in a county other than that of his permanent residence removing his personal property beyond the limits of the state, and must go to the county of the debtor's residence to commence an action before he can institute a suit and sue out an attachment, before it could be levied the debtor might get without the state and thus defeat the plaintiff's claim and evade the process of the court, is robbed of its potency and force in this state by our statutory provisions which allow an action to be brought against the party in any county where he can be served with summons, thus providing for the exact contingency or situation supposed by the Alabama court and used to illustrate and explain the rule in *Herndon v. Givens.*

The rule announced in that case is derived from a decision construing a provision of statute differing very materially from ours on the subject embraced and giving, as a ground for the position taken, a reason the significance and force of which is destroyed by our laws, which provide a remedy for the exact difficulties and conditions which moved the Alabama court to announce the decision it did, and we cannot adopt it or allow it to have a controlling influence in the decision of the present case.

The other Alabama case cited, *Atkinson v. Wiggins*, 69 Ala., 190, and another which we find, *McPhillips v. Hubbard*, 12 So. Rep. [Ala.], 711, both follow and are based upon the reasoning in *Herndon v. Givens*, *supra*, and are entitled to no greater weight or consideration as precedents than should be given to it.

We are satisfied that the lower court was right in holding that the commencement of the action by attachment, or the fact that a writ of attachment had been obtained in the action in Douglas county, was not sufficient to authorize the issuance of the summons to Kearney county and its service on defendant, that such service was invalid and ineffective, and there was no error committed in quashing the service.

AFFIRMED.