WILLIAM MOSHER, APPELLANT, v. AUGUST HUWALDT ET AL.,
APPELLEES.

FILED APRIL 23, 1910. No. 15,993.

1. **Courts: QUESTIONS OF PRACTICE: STARE DECISIS.** This court is not
ordinarily bound by the construction put upon statutes by
former opinions, if such construction is dictum only, being
unnecessary to the determination of the case then before the
court, but when such construction involves a question of prac-
tice only, and has been for more than 19 years followed by the
trial courts, and indirectly several times approved by this court,
it will be followed until changed by the lawmakers.

2. ————: **VENUE: COMMENCEMENT OF ACTION.** The former decisions
of this court, construing section 60 of the code to mean that
an action under that section can be begun only in the county
where the defendants or some one of the defendants resides
or is present in the county at the time of the commencment
of the action, are adhered to, and in such case the action is
deemed to be commenced as to the defendant so served at the
date of the summons which is served upon him in the county in
which the action is begun.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant* and *George W. Wiltse,* for appellant.

*W. W. Quivey* and *C. B. Willey, contra.*

SEDGWICK, J.

On the 30th day of January, 1908, the plaintiff filed his
petition in the district court for Cedar county, and
on the 3d day of February, 1908, procured a summons
to be issued thereon against the defendant directed to the
sheriff of Cedar county. The defendants were both resi-
dents of Pierce county, and were not in Cedar county on
the day the summons was issued, but afterwards, on the
14th day of February, following, the summons was duly
served by the sheriff of Cedar county, and within that
county, upon one of the defendants. The other defend-

Mosher v. Huwaldt.

ant was not served.   Ten days later the defendants jointly filed a special appearance.   In this they allege that they were at all times since January 1, 1908, residents of Pierce county, and objected to the jurisdiction of the court for the reason that "neither of the said defendants were in Cedar county on February 3, 1908, the date of the commencement of this action, nor were they at said time residents of said county."   The court sustained the objection and dismissed the case, and the plaintiff has appealed.

The plaintiff has furnished us a vigorous though not very extensive brief.   He refers to no authorities from other jurisdictions, but bases his contention entirely upon the construction of the statute, which is as follows: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned."   Code, sec. 60.   This section of the code seems to have been borrowed from the code of Ohio, and that court has several times considered it, but never, so far as we have observed, has construed it with reference to the precise point here presented.   In *Osborn v. Lidy,* 51 Ohio St. 90, that court said:   "The chapter of the civil code on the venue of actions prescribes reasonable and convenient rules with respect to the places where actions may be prosecuted, which, like other provisions of the code, must be construed liberally, with a view of advancing the remedies it affords."   Construing the statute liberally with a view of advancing the remedies it affords, as suggested by that court, the writer would have hesitated to hold the service in question insufficient, if it were a matter of first impression.

Section 62 of the code provides:   "A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."   Section 19 provides:   "An action shall be deemed commenced, within the meaning of this title, as to the defendant, at the date of the summons which is served on him."   An action is begun, so far as anything

on the part of the plaintiff is necessary, when the petition is filed and summons is issued thereon. He may begin his action in any county where the defendant "may be summoned." If he begins his action and the defendant is in fact regularly served with summons in the county where the action is begun, it would seem that a liberal construction of the statute with a view to furnish him a remedy might lead to the conclusion that he had begun his action in the county where the defendant "may be summoned." No doubt in many cases this might result in hardship to defendant. Petitions might be filed in several counties and summons issued with the purpose of serving the defendant whenever he might happen to go into any one of the counties. And so the defendant would be compelled to defend at a place distant from his home where it might be inconvenient for him and his witnesses. But this condition is not wholly remedied by the construction that the trial court has put upon the statute. The defendant may still be sued in a county distant from his home. Perhaps a more just practice is furnished by providing for the place of trial instead of limiting the place of beginning the action, as in New York, and other states. The matter is, of course, peculiarly within the discretion of the legislature, and the province of the courts is to ascertain the meaning of the legislature. The question here considered has been many times discussed by this court.

The plaintiff insists that it has never been before this court so as to be necessarily determined. In *Coffman v. Brandhoeffer*, 33 Neb. 279, it was said in the opinion: "Clearly the meaning of section 60 is that actions like this, if not instituted in the county where the defendant resides, must be begun in the county where the defendant actually is, and the summons must be served upon him while in the county. The suit cannot be commenced before he enters the county." In that case the defendant resided in Keith county, and the suit was begun in Douglas county. Attachment was also issued when the peti-

tion was filed.  At the time the petition was filed a suit
was pending in Keith county upon the same cause of action.  It does not appear from the opinion that the Douglas county summons was ever served upon the defendant.  The action therefore was not begun "in the county
where the defendant may be summoned", and it is said
in the opinion that "the purpose of the motion filed by
the defendant was to quash the attachment."  It seems
that it was not necessary in that case to say that the action "must be begun in the county where the defendant
actually is, and the summons must be served upon him
while in the county."  The decision would have been the
same if the construction of the statute had been that "the
action must be begun in the county where the defendant
actually is or where he can be actually served."

The statute in question was next discussed in *Hoagland
v. Wilcox*, 42 Neb. 138.  In that action, also, an attachment was issued, and it was begun in the district court
for Douglas county.  No service was had upon the defendant in that county, but the summons from Douglas
county was served upon the defendant in Kearney county,
the county of his residence.  An objection was made to
the jurisdiction of the court, and upon that objection the
court quashed "the service of process."  The court discussed somewhat at length the question whether the issuing and levy of the writ of attachment upon sufficient
grounds gave the court jurisdiction of the action so that
summons might have been sent to another county for
service, and the action of the trial court in quashing the
service was sustained.  That this was the sole point
really determined is clear from the conclusion of the
opinion:  "We are satisfied that the lower court was
right in holding that the commencement of the action by
attachment, or the fact that a writ of attachment had been
obtained in the action in Douglas county, was not sufficient to authorize the issuance of the summons to Kearney county and its service on defendant, that such service

47

was invalid and ineffective, and there was no error committed in quashing the service." And in another part of the opinion the court said that this was the only question presented for consideration. The point stated in the second paragraph of the syllabus is therefore dictum only.

For these 'reasons, the plaintiff has strenuously insisted in his brief that these cases are not to be regarded as precedents determining the question which he now presents. While there is much force in the argument so presented, we do not feel at liberty to consider the question an open one. The question is purely one of practice, and, while the construction contended for by the defendant may sometimes be of much importance to litigants, yet there are no doubt serious considerations that may be urged upon both sides of the question. Such questions of practice should be well settled and definitely understood by the profession and the public generally. The cases above discussed have been several times referred to in the opinions of this court as determining the question now before us. In *Davis v. Ballard*, 38 Neb. 830, Mr. Commissioner IRVINE recognized *Coffman v. Brandhoeffer*, *supra*, as authority upon this point, and after stating the holding of the court in that case the commissioner says: "In other words, it cannot be said that an action is properly begun when a petition is filed and summons issued without the present ability to proceed and serve the summons. To permit a contrary course would allow the plaintiff to select his forum, issue summons after summons, and lie in wait for a chance coming of the defendant. It would open a door to fraud upon the jurisdiction of the court." And in *Hanna v. Emerson, Talcott & Co.*, 45 Neb. 708, Chief Justice NORVAL cites *Coffman v. Brandhoeffer*, *supra*, with approval; so that not only the bar of the state, but this court also, has regarded the matter as settled for nearly 20 years, and during that time the legislature has been many times in session and has taken no action to change the construction of the statute, which

has been so long acquiesced in.  Under these circumstances it would perhaps have been rash to have expected the trial court to have sustained the service in this case.

We think the judgment of the district court is right, and it is therefore

AFFIRMED.