## ROSCHYNIALSKI v. HALE.

(District Court, D. Nebraska, Grand Island Division. January 31, 1913.)

### No. 19.

1. COURTS (§ 344*)—FEDERAL COURTS—PRIVILEGE FROM SERVICE OF PROCESS.
   In the absence of a state statute on the subject, the question of privilege of suitors and witnesses from service of process must be determined by the United States court as a question of general jurisprudence, by the exercise of its independent judgment.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

2. PROCESS (§ 118*)—EXEMPTION FROM SERVICE—PERSONS EXEMPTED.
   The privilege of suitors and witnesses from service of process extends, not only to those who attend before the court on the trial, but also to those who attend as parties, or as witnesses, before masters in chancery, registers in bankruptcy, examiners, and commissioners to take depositions; and the mere fact that depositions are taken by agreement does not impair the privilege.
   [Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

3. PROCESS (§ 118*)—EXEMPTION FROM SERVICE—PERSONS EXEMPTED.
   The privilege of a suitor from service of process extends to his attendance before a notary public for the taking of his deposition, pursuant to agreement of the attorneys of the parties; for, though a notary taking deposition is not a tribunal having the powers of a master in chancery, a witness may, under Comp. St. Neb. 1911, c. 61, § 7, and Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), be compelled by process to attend before a notary and to answer questions put to him.
   [Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

Action by Valentine Roschynialski against Johnson T. Hale. Plea to jurisdiction sustained.

A. Norman, of Ord, Neb., R. H. Mathew, of Loup City, Neb., and Claude A. Davis, of Ord, Neb., for plaintiff.

J. S. Pedler. and W. A. Prince, of Grand Island, Neb., for defendant.

THOMAS C. MUNGER, District Judge. The defendant was served with a summons issued in an action begun in the state court. He removed the action to this court, and has presented a plea to the jurisdiction. The petition was filed in the state court in March, 1912, and the summons was issued and served on July 25, 1912, while the defendant was in the county where the action was begun. The defendant, at the date of filing the petition and ever since, has been a resident of another state. At the date of the issuance of the summons in this case there was pending in the same county an action in replevin, wherein the defendant in this action was plaintiff. That action was about to be tried. The defendant had come from another state, bringing the body of a deceased relative for interment in another county in this state, and as soon as that duty was performed' he was induced to go to the county where this action was brought,

in pursuance of an agreement between the attorneys for the parties in the replevin action that his deposition should be taken there, before a notary public, as a witness on his own behalf in the replevin action. His deposition was so taken, and the summons in this action was served on defendant, within a few minutes of the time he concluded his testimony, and before he had a reasonable time to depart for his home. Under the Civil Code of Nebraska, the defendant was not exempt from service of summons, on the ground that he was a non-resident of the state or of the county, as he was in the county when the summons was issued and served, although the petition was filed before he came into the county. William Mosher v. August Huwaldt et al., 86 Neb. 686, 126 N. W. 143.

[1] Was the defendant privileged from service of this process because of his attendance as a witness, to give his deposition in another action? There appears to be no decision by a United States court directly upon this point. The privilege of suitors and witnesses from service of process is not founded upon any statute of this state, and, as it is a question of general jurisprudence, a definition of the common-law privilege, it is the duty of this court to decide the question by the exercise of its independent judgment. Hale v. Wharton et al. (C. C.) 73 Fed. 739–746; Skinner & Mounce Co. v. Waite et al. (C. C.) 155 Fed. 828–831; Kaufman v. Garner (C. C.) 173 Fed. 550–552.

[2] The reason why this privilege is extended to suitors and witnesses has often been stated. It is to secure to them the right to give testimony and assistance in the trial of an action, unhindered by exposure to suits by reason of their presence upon the court. The rule is founded in public policy, and is for the benefit of the court, as well as of the parties. Its application has been illustrated by many decisions of the United States courts, exhibiting a liberal interpretation in favor of the privilege. Parker v. Hotchkiss, 1 Wall. Jr. 269, Fed. Cas. No. 10,739; Lyell v. Goodwin, Fed. Cas. No. 8,616; United States v. Bridgman et al., Fed. Cas. No. 14,645; Brooks et al. v. Farwell et al. (C. C.) 4 Fed. 166; Bridges v. Sheldon (C. C.) 7 Fed. 17, 44; Plimpton v. Winslow (C. C.) 9 Fed. 365; Atchison v. Morris (C. C.) 11 Fed. 582; Larned v. Griffin (C. C.) 12 Fed. 590; Nichols v. Horton (C. C.) 14 Fed. 327; Wilson Sewing Machine Co. v. Wilson (C. C.) 22 Fed. 803; Small v. Montgomery (C. C.) 23 Fed. 707; Ex parte Schulenburg (C. C.) 25 Fed. 211; Kauffman v. Kennedy (C. C.) 25 Fed. 785; Holyoke & South Hadley Falls Ice Co. v. Ambden (C. C.) 55 Fed. 593; Kinne et al. v. Lant (C. C.) 68 Fed. 436; Hale v. Wharton et al., supra; Morrow v. U. H. Dudley & Co. (D. C.) 144 Fed. 441; Skinner & Mounce Co. v. Waite et al., supra; Peet v. Fowler (C. C.) 170 Fed. 618; Kaufman v. Garner, supra.

The privilege has been extended, not only to those who attend before the court upon the trial, but also to those who attend as parties, either as defendant or plaintiff, or as witnesses, before masters in chancery, registers in bankruptcy, examiners, and commissioners to take depositions. 1 Gr. on Ev. § 317; Bridges v. Sheldon, supra; Plimpton v. Winslow, supra; Larned v. Griffin, supra; Morrow v. U. H. Dudley & Co., supra; Parker v. Marco, 136 N. Y. 585, 32

N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770; Miller v. Dungan, 37 N. J. Law, 182; First Nat. Bank of St. Paul v. Ames et al., 39 Minn. 179, 39 N. W. 308. The fact that the depositions were taken by agreement, rather than upon notice and by service of subpœna, does not impair the privilege. 1 Gr. on Ev. § 316; Plimpton v. Winslow, supra; Parker v. Marco, supra.

[3] It is contended that the defendant was not privileged from service of process in this case, because his attendance before the notary was not an attendance before the court, nor before any tribunal vested with the authority of the court. The decisions in the cases of Greer v. Young, 120 Ill. 184, 11 N. E. 167, and Cassem v. Galvin, 158 Ill. 30, 41 N. E. 1087, support these conclusions. In those cases the exemption from service of process in such cases was denied, because the defendant had ample time to prepare his defense, and also because the depositions were not taken before a tribunal such as a master, referee, or commissioner, acting under an order of the court. It was also said that the notary could not rule upon the admission of evidence, nor was such officer within the control of the court. The first reason would deny the privilege to any suitor or witness, even if he were attending the trial under subpœna, because he would have the same length of time to prepare for his defense. That a notary, taking depositions, is not a tribunal having the powers, for example, of a master in chancery, does not seem important. The witness may be compelled by process or rule to attend before such officer. He may be compelled to answer questions propounded. Section 7, c. 61, Comp. St. Neb. 1911; Rev. Stat. U. S. § 863 (U. S. Comp. St. 1901, p. 661). While the officer taking the depositions may not rule upon the admissibility of evidence, the same limitation of power applies to an examiner, or commissioner to take depositions; but it has been held that witnesses before such officers are privileged from service of process. Bridges v. Sheldon et al. (C. C.) 7 Fed. 17, 42, 46; Plimpton v. Winslow (C. C.) 9 Fed. 365. The reasons for giving testimony by deposition, in a place other than the residence of the witness, are often of importance; and it appears inequitable to allow actions to be brought against one who is present for the bona fide purpose of giving such testimony, when he is privileged from service of process in giving the same testimony before the court or some other officer of the court. The right to be present at the hearing of his case is not more essential to a suitor than the right to give testimony by deposition in a case where he cannot be present. In Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770, it is said:

"No good reason can be perceived why the privilege should not be extended to a party appearing upon the examination of his adversary's witnesses, where the testimony is taken pursuant to the authority of law, and can be read upon the trial with the same force and effect as if it had been taken in open court. It is a proceeding in the cause, which materially affects his rights; and the necessity for his attendance is quite as urgent as it would be if the examination was had at the trial. But we do not think that the question of the necessity of his presence is material. It is the right of the party, as well as his privilege, to be present whenever evidence is to be taken

in the action, which may be used for the purpose of affecting its final determination. It is essentially a part of the trial, and should be so regarded so far as it may be necessary for the protection of the suitor."

The same principle has been applied in Powers v. Arkadelphia Lumber Co., 61 Ark. 504, 33 S. W. 842, 54 Am. St. Rep. 276, and in Partridge et al. v. Powell, 180 Pa. 22, 36 Atl. 419. A fortiori, this reasoning would apply to a case such as this, where the suitor's own deposition was being taken before the officer. These decisions are in harmony with the liberal interpretation in favor of the privilege evidenced by the numerous cases cited from United States courts, and state the better rule, and the plea to the jurisdiction will therefore be sustained.