UNION WATER DEVELOPMENT CO. v. STEVENSON et al. (two cases).

(District Court, N. D. California, Second Division. April 7, 1919.)

No. 16174, at Law, and No. 411, in Equity.

Process ⊙⟞120—Service—Privilege.

    Service on the chief executive officer of a fraternal order resident in another state, while temporarily in the state of service to give testimony in an action against the order, *held* void, despite the officer's incidental attendance at a business conference between the secretary of the investment board of the order and a third person, which did not constitute other and independent business on the part of the officer than that of attending as a witness.

At Law and in Equity. Actions by the Union Water Development Company against Elliott G. Stevenson and the Independent Order of Foresters. On motions to quash service of process. Motions granted.

R. P. Henshall, of San Francisco, Cal., for plaintiff.
Corbet & Selby, of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. These actions were filed in the state court on June 3, 1918, and on the same day summons in each was served on the defendant Stevenson under coincident circumstances. The cases were subsequently removed here, and Stevenson has inter-

posed the present motions to quash the service, on the ground that it was in both instances made in violation of his rights under the familiar and well-established doctrine that one from another state cannot competently be served with process in a civil action while temporarily within the state where service is had, in actual attendance upon a trial as party, witness, or counsel in a court of justice, and is present solely for such purpose.

The facts are substantially lacking in conflict. Stevenson is a resident of Detroit, Mich. For a number of years up to September, 1917, he had been chief executive officer of the Independent Order of Foresters, his codefendant, and as such had become familiar with and had to do with certain business transactions of the order in this state. One of these had resulted in an action against the order, which was set for trial in the superior court of the state at San Francisco for May 27, 1918. Stevenson's testimony in the case was required, and in due course he was requested by counsel for the defendant to appear as a witness at the trial, which he did. He had no other purpose in coming to the state than as such witness, and but for such request would not have been here. He arrived the day before the trial commenced, and remained throughout its progress, which covered several days, being required by order of the court, against his request to be excused after giving his evidence, to remain in attendance, upon the contingency of being required to take the stand again. The service was made in the court building in the midst of the trial and several days before it was finished.

These facts bring the case fully within the most restricted application of the doctrine invoked as applied in the federal court, in any modern case, and clearly render the service void (Stewart v. Ramsay, 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. 192, and numerous cases there cited), unless excepted from the operation of the rule by the circumstance to be stated.

During a recess in the trial, of two or three days, occasioned by the intervention of Decoration Day, Mr. Cottrelle, the secretary of the investment board of the defendant order, who was also attending the trial, requested one Haehl to come to San Francisco and discuss with him a matter of business between Haehl and the order which fell within the authority and supervision of Cottrelle. Stevenson, having familiarity with the transaction to be considered, by reason of his previous relations to the order, and not being otherwise engaged, attended the discussion, and being asked by Cottrelle while there to look over a proposed contract or agreement, made suggestion of a change in one particular therein, but, as he states, "with no authority or responsibility in connection with the negotiation," and that he "had no thought or expectation of taking any part in such conference at the time he went to San Francisco, and did not go for that purpose, or for any purpose than to attend the trial of said cause as a witness"; that he "only participated in the discussion because for the time being he was not otherwise occupied."

Based upon this incident it is contended by plaintiff that Stevenson is not within the protection of the rule invoked, because it thus ap-

pears that he engaged while here "in other and independent business" than that of attending as a witness. But I am unable to accord to the incident such effect. The doctrine relied on is one of substantial right, is founded on principles of justice and propriety, and is not beset by any such restricted limitation. Burroughs v. Cocke et al. (Okl.) 156 Pac. 196, L. R. A. 1916E, 1170; Roschynialski v. Hale (D. C.) 201 Fed. 1017. It would be sacrificing substance to form, and giving an untoward and incidental thing a controlling effect, which its character does not warrant. The attendance of Stevenson at the interview was a mere casual and unforeseen incident arising during his necessary detention on the trial, was not contemplated in the purpose bringing him to the state, and can in no proper sense be regarded as the engaging by him in "business" outside the original object of his visit. Had he voluntarily delayed his departure from the state, after his dismissal as a witness, to attend the discussion in question, it might well present a different aspect. But a denial of the protection of the rule in question should not be based upon a circumstance so trivial and unsubstantial. Burroughs v. Cocke et al., supra.

In answer to the contention that the service in question would be held good under the state law, and as these cases were removed here from a state court after the service was made it should be held good here, it is sufficient to say that it is well settled that the question is one to be determined in accordance with the principles obtaining in the federal courts, and is not to be circumscribed by a statute or rule of decision of the state. Railroad Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.

The motion to quash is granted in each case.